# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00650-CR

**Michael Wayne Carpenter, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
NO. CR-03-327, HONORABLE GARY L. STEEL, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Appellant Michael Carpenter was convicted of aggravated assault with a deadly weapon, enhanced to habitual offender, and sentenced by a jury to forty years' confinement. *See* Tex. Pen. Code Ann. § 22.02 (West 2003); *see also id.* § 12.42 (West 2003). In three issues, he complains that the weapon was improperly characterized (as a "sledgehammer"), and in a fourth issue, appellant asserts that he received ineffective assistance of counsel. We will affirm the judgment.

## BACKGROUND

Lonnie Doughty began dating appellant in January 2003. Subsequently, they decided to live together. On April 12, Doughty and appellant had been running errands and visiting friends.

Doughty testified that she and appellant had been in arguments previously, but they had not had a dispute that day. After returning to their home, Doughty was not feeling well, so she laid down and fell asleep. She was awakened when appellant threw a box fan at her, hitting her. Doughty "jumped up" and got dressed while appellant was yelling and screaming, accusing Doughty of cheating on him. Although appellant left the bedroom, he later returned, held her down on the bed, and "had the sledgehammer in his hand." Appellant asked her twice, "Do you want me to do this?" and swung the sledgehammer at her head, but did not hit her. At some point, appellant released her, and she fled to a neighbor's house. Appellant followed her to the neighbor's house and Doughty called 911, reporting that appellant told her he was going to get a gun. Appellant left the neighbor's house, returned to his, and got into his vehicle. He drove to the neighbor's house, then left. As appellant was turning the corner, Doughty saw police officers approaching and was able to describe appellant's vehicle and location to the 911 operators.

Hays County deputy sheriff Angelo Floiran responded to the 911 call at approximately 1:00 a.m. As Floiran approached the area, he saw a truck matching the description of appellant's truck driving away. Floiran initiated a stop and arrested appellant. Appellant told Floiran there was a gun in the truck, but no gun was found. Instead, Floiran found a "sledgehammer" along with other tools.

Appellant testified in his own defense, averring that he never assaulted Doughty, and identifying the weapon as a "three-pound rock hammer" rather than a sledgehammer. He stated that the hammer was never in the house, and was always in his truck for use in his occupation as a mason. Appellant was convicted by the jury of aggravated assault with a deadly weapon. *See id*. § 22.02.

2

He pleaded true to the enhancement paragraphs, which recite that he has been previously convicted five times of burglary of a habitation, once of theft, and once of unauthorized use of a motor vehicle. *See id*. §§ 30.02, 31.03, 31.07 (West 2003 & Supp. 2005). This appeal followed.

## DISCUSSION

In his first three issues, appellant complains that the weapon he allegedly swung at Doughty was incorrectly characterized as a "sledgehammer," and in his fourth issue, he contends that he received ineffective assistance of counsel.

### Characterization of the deadly weapon

The indictment charged that appellant knowingly and intentionally threatened Doughty with imminent bodily injury, and during the commission of the offense, "did then and there use and exhibit a deadly weapon, to-wit: a sledge hammer." Appellant contends that the indictment's allegation that he used a sledgehammer was insufficiently specific to provide him with constitutional or statutory notice that the "three-pound rock hammer" introduced into evidence was the actual weapon used. *See* Tex. Code Crim. Proc. arts. 21.04, 21.11 (West 1989); *see also* U.S. Const. amend. VI; Tex. Const. art. I, § 10. He also contends that the trial court erred in overruling his objection to the State's characterization of the weapon as a sledgehammer, and that the evidence was legally and factually insufficient to prove that the weapon was a sledgehammer beyond a reasonable doubt as alleged in the indictment.

In assessing the legal sufficiency of the evidence to support a conviction, we consider all of the evidence in the light most favorable to the jury's verdict and determine whether, based on

3

the evidence and reasonable inferences, a rational jury could have found the accused guilty of all of the elements of the offense beyond a reasonable doubt. *See Drichas v. State*, 175 S.W.3d 795, 798 (Tex. Crim. App. 2005); *Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004).

In a factual-sufficiency analysis, the evidence is viewed in a neutral light. *Drichas*, 175 S.W.3d at 799 (citing *Clewis v. State*, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996)). There is only one question to be answered in a factual-sufficiency review: Considering all of the evidence in a neutral light, was a jury rationally justified in finding guilt beyond a reasonable doubt? *Zuniga v. State*, 144 S.W.3d 477, 484-85 (Tex. Crim. App. 2004). Even if we disagree with the jury's conclusions, we must exercise appropriate deference in order to avoid substituting our judgment for that of the jury, particularly in matters of credibility. *Drichas*, 175 S.W.3d at 799 (citing *Clewis*, 922 S.W.2d at 133). There are two ways in which the evidence may be insufficient: either the evidence supporting the finding, considered alone, is too weak to support the jury's finding beyond a reasonable doubt or the contravening evidence may be so strong that the State could not have met its burden of proof. *Id.* (citing *Zuniga*, 144 S.W.3d at 484-85).

If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding. Tex. Code Crim. Proc. art. 1.14 (West 2005).

First, appellant appears to be complaining that there was a variance between the wording of the indictment and the evidence presented at trial. Variances are fatal only if "it is

4

material and prejudices the defendant's substantial rights." *Gollihar v. State*, 46 S.W.3d 243, 257 (Tex. Crim. App. 2001). When reviewing a variance, we must determine whether the indictment, as written, informed the defendant of the charge against him sufficiently to allow him to prepare an adequate defense at trial, and whether prosecution under the deficiently drafted indictment would subject the defendant to the risk of being prosecuted later for the same crime. *See id*.

Appellant argues that the State "could have worded the indictment more generally, by saying that appellant used a 'sledgehammer or heavy hammer'" and that "due to the specificity of the pleading, appellant could be prosecuted again, if the alleged victim suddenly came forward with memory recovered under hypnosis, and some other hammer, and said appellant assaulted her twice that night." We disagree.

The indictment alleges that a sledgehammer was used, and, assuming that there was a variance, the State's failure to identify the weapon more generally does not constitute a fatal variance under the facts in this case. Although appellant asserts that the State incorrectly characterized the actual physical object, we find that as written, the indictment informed appellant of the charge against him sufficiently to allow him to prepare an adequate defense at trial. Appellant does not assert that he was surprised by the actual physical object introduced by the State as the deadly weapon, and identified by the victim as a "sledgehammer." Instead, he asserts that the "rock hammer" was not really a "sledgehammer." Appellant's defense was that he did not assault the victim—not that he assaulted the victim with a different weapon. Under these circumstances, we cannot determine how—assuming there was a variance—such variance affected appellant's ability to prepare for an adequate defense at trial. Moreover, prosecution under the indictment as drafted

will not subject appellant to the risk of being prosecuted later for the same crime. The weapon that the State alleged was used by appellant was introduced into evidence and viewed by the jury. There is no dispute regarding what object the State alleged was used by appellant—he merely challenges its characterization. Under the record in this case, we find that to the extent a variance existed, it was not material, and did not prejudice appellant's substantial rights. *See Gollihar*, 46 S.W.3d at 257.

Furthermore, the record does not reflect that appellant ever objected to use of the term "sledgehammer" in the indictment prior to trial on the merits. Therefore, to the extent he is complaining of a defect, error, or irregularity of form or substance in the indictment, any error was waived. *See* Tex. Code Crim. Proc. art. 1.14.

Additionally, the weapon at issue in this case was specifically characterized as a "sledgehammer" by Doughty at trial and identified as the weapon used by appellant against her on April 12 that resulted in the charges for which he was convicted. Appellant did not object when Doughty identified the weapon as a sledgehammer, or when officer Floiran initially stated that they recovered a "sledgehammer" from appellant's truck. Thus, appellant failed to preserve error related to the characterization of the evidence at trial as a "sledgehammer." *See* Tex. R. App. P. 33.1.

Appellant contends that he did not assault Doughty with any weapon—including the weapon introduced into evidence as a sledgehammer. The jury was entitled to believe Doughty's testimony that the weapon introduced was a sledgehammer, and in any event, the jury was able to observe the evidence and weapon itself and was in the best position to determine whether the physical object introduced was a sledgehammer that was used in the assault beyond a reasonable doubt. *See Drichas*, 175 S.W.3d at 799; *Clewis*, 922 S.W.2d at 133.

6

Considering all of the evidence in the light most favorable to the jury's verdict, we hold that the evidence supporting the finding that the weapon used in the assault was a sledgehammer, considered alone, is not too weak to support the jury's finding beyond a reasonable doubt and that the contravening evidence was not so strong that the State could not have met its burden of proof. *See Drichas*, 175 S.W.3d at 799. Additionally, viewing the evidence in a neutral light, we hold that the jury was rationally justified in finding that a sledgehammer was used beyond a reasonable doubt. *See id*.

We overrule appellant's first, second, and third issues.

**Ineffective assistance of counsel**

In his fourth issue, appellant argues that his trial counsel rendered ineffective assistance because: (1) he introduced into evidence a letter that Doughty wrote to appellant while he was in jail, which was the only other "substantive evidence the jury had before them" except for conflicting testimony by Doughty and appellant; (2) he failed to request a mistrial after the prosecutor commented that appellant was a "liar" and the judge instructed the jury to disregard the statement; (3) after trial counsel objected to the characterization of the weapon as a "sledgehammer," he failed to object to the court's alleged "comment on the weight of the evidence in violation of Tex. Code Crim. Proc. 38.05" when the court responded to the objection by stating "Well, I believe [the objection] is semantics and not a matter of law. We have it in front of us. We can call it a hammer, a sledgehammer, whatever. So I guess your objection is overruled. It is what it is."

Under the *Strickland* standard, appellant must first demonstrate that his trial counsel's performance was deficient. *Scheanette v. State*, 144 S.W.3d 503, 509 (Tex. Crim. App. 2004); *see*

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). Next, he must show that his counsel's deficient performance was so serious that it prejudiced his defense, rendering the trial unfair and the verdict suspect. *Id.* Appellate review of defense counsel's representation is highly deferential and presumes that counsel's conduct fell within the wide range of reasonable and professional assistance. *Scheanette*, 144 S.W.3d at 509 (citing *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002)). To overcome this presumption, the allegations of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). The fact that another attorney may have pursued a different tactic at trial is insufficient to prove a claim of ineffective assistance of counsel. *Scheanette*, 144 S.W.3d at 509-10 (citing *McFarland v. State*, 845 S.W.2d 824, 844 (Tex. Crim. App. 1992)).

Under most circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decision-making as to overcome the strong presumption that counsel's conduct was reasonable and professional. *Id*. (citing *Bone*, 77 S.W.3d at 833). Ineffective assistance claims are not built on retrospective speculation; rather, they must "be firmly founded in the record." *Id*. Appellant is required to prove by a preponderance of the evidence that there is, in fact, no plausible professional reason for his counsel's omission. *Bone*, 77 S.W.3d at 836.

A motion for new trial was not filed in this case, and the record does not contain any evidence regarding the professional choices made by appellant's trial counsel. We are not permitted to speculate about trial counsel's reasons for introducing evidence, not requesting a mistrial, or not

objecting to the court's statement. *See Scheanette*, 144 S.W.3d at 510. Without any evidence to overcome the presumption, we must presume that appellant's trial counsel acted pursuant to a reasonable trial strategy.[1] *See id*.

We overrule appellant's second issue.

## CONCLUSION

Having overruled appellant's issues, we affirm the judgment.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:   June 9, 2006

Do Not Publish

---

[1] We also note appellant's admission in his brief that, although trial counsel did not request a mistrial, "this alone would not warrant reversal, as the court's prompt curative instruction and criticism of the prosecutor was sufficient to remedy the situation."