Dale Devon SCHEANETTE, Appellant

v.

The STATE of Texas.

No. 74586.

Court of Criminal Appeals of Texas,
En Banc.

Sept. 15, 2004.

Robert Ford, Fort Worth, for Appellant.

Edward L. Wilkinson, Asst. District Atty., Fort Worth, Matthew Paul, State's Atty., Austin, for State.

### OPINION

MEYERS, J., delivered the opinion of the Court, in which KELLER, P.J., and PRICE, JOHNSON, KEASLER, HERVEY, HOLCOMB, and COCHRAN, JJ., join.

█ In January 2003, a jury convicted appellant of capital murder. TEX. PENAL

CODE ANN. § 19.03(a)(2). Pursuant to the jury's answers to the special issues set forth in Texas Code of Criminal Procedure Article 37.071, §§ 2(b) and 2(e), the trial judge sentenced appellant to death. Art. 37.071, § 2(g).[1] Direct appeal to this Court is automatic. Art. 37.071, § 2(h). Appellant raises eight points of error with two subpoints but does not challenge the sufficiency of the evidence at either stage of trial.[2] We affirm.

### CONSTITUTIONALITY OF DEATH PENALTY STATUTE

In point of error two, appellant claims that the mitigation issue is unconstitutional because it fails to require the trial court to instruct the jury that the State bears the burden of proof beyond a reasonable doubt on the mitigation issue. Appellant relies upon *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), to support his position. We have previously addressed and rejected this argument. *Hankins v. State*, 132 S.W.3d 380, 386 (Tex.Crim.App.2004). Point of error two is overruled.

█ Appellant claims in his fifth point of error that the Texas death-penalty scheme is unconstitutional under the Fifth and Eighth Amendments "because it leads

---

1. Unless otherwise indicated, all references to Articles refer to the Code of Criminal Procedure.

2. After counsel filed a brief on appellant's behalf, appellant filed a *pro se* brief in which he raised twenty-six additional points of error, including several sub-points. Appellant also filed documents setting forth corrections to his original brief and adding numerous additional points of error. Appellant does not have a right to hybrid representation. *Patrick v. State*, 906 S.W.2d 481, 498 (Tex.Crim.App.

1995), *cert. denied*, 517 U.S. 1106, 116 S.Ct. 1323, 134 L.Ed.2d 475 (1996); *Lockhart v. State*, 847 S.W.2d 568, 569 n. 1 (Tex.Crim. App.1992), *cert. denied*, 510 U.S. 849, 114 S.Ct. 146, 126 L.Ed.2d 108 (1993). Neither does he have a constitutional right to represent himself on direct appeal. *Martinez v. Court of Appeal of California, Fourth Appellate Dist.*, 528 U.S. 152, 163–64, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000). Thus, we will not address any of appellant's *pro se* points.

the State to execute an unacceptable number of innocent defendants." He further asserts that, under the cruel and unusual punishment clause of the Eighth Amendment, "the constitutionality of the death penalty must be determined and redetermined by the courts in keeping with evolving standards of decency and current knowledge about its operation."

While the execution of an innocent person might violate federal due process and be considered cruel and unusual punishment, appellant does not claim that he is innocent. He therefore fails to demonstrate that *his* due process rights or *his* right to be free from cruel and unusual punishment have been violated by application of our death-penalty statute. *Herrera v. Collins,* 506 U.S. 390, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993); *Paredes v. State,* 129 S.W.3d 530, 540 (Tex.Crim.App.2004). Appellant's fifth point of error is overruled.

Appellant complains in his sixth point of error that the Texas death-penalty statute under which he was sentenced violates the Eighth Amendment as interpreted in *Penry v. Johnson,* 532 U.S. 782, 121 S.Ct. 1910, 150 L.Ed.2d 9 (2001)("Penry II"), because the mitigation instruction sends "mixed signals" to jurors. This Court has previously addressed and rejected this claim. *Jones v. State,* 119 S.W.3d 766, 790 (Tex.Crim.App.2003), *cert. denied,* ── U.S. ──, 124 S.Ct. 2836, 159 L.Ed.2d 270 (2004). Point of error six is overruled.

## VOIR DIRE

In his eighth point of error, appellant alleges that the trial court erred in restricting voir dire on the issue of parole. Specifically, appellant wanted to inform the prospective jurors that two-thirds of the members of the parole board must vote in favor of releasing an inmate on parole, after first receiving a copy of a report on the probability that the inmate would commit another offense upon release. *See* TEX. GOV'T CODE § 508.046. Appellant then wanted to ask them whether they could "consider and give full deliberation to the parole board requirements for release on parole." Appellant also sought to question the prospective jurors about whether they could consider the parole board release information when deliberating and answering the special issues. He argues that recent legislative changes open the door for full consideration by the jury of any procedures relating to parole and the parole board. Art. 37.071, § 2(e)(2)(B).

This precise issue was raised in *Hankins,* 132 S.W.3d at 384. In that case, this Court reiterated that it has historically held that parole is not a proper matter for jury consideration. *Id.* We recognized that the Legislature amended Article 37.071, effective September 1, 1999, to provide that a jury may now be instructed on a capital defendant's eligibility for parole, however, we held that this provision was narrowly drawn and did not render every aspect of parole law an issue for jury consideration.[3] *Hankins,* 132 S.W.3d at 385. We further held that:

> The provision expressly discourages speculation on the parole process by

**3.** Article 37.071 was amended as follows:

Under the law applicable in this case, if the defendant is sentenced to imprisonment in the institutional division of the Texas Department of Criminal Justice for life, the defendant will become eligible for release on parole, but not until the actual time served by the defendant equals 40 years, without consideration of any good conduct time. It cannot accurately be predicted how the parole laws might be applied to this defendant if the defendant is sentenced to a term of imprisonment for life because the application of those laws will depend on decisions made by prison and parole authorities, but eligibility for parole does not guarantee that parole will be granted.
Art. 37.071 § 2(e)(2)(B).

providing that application of the parole laws cannot be accurately predicted "because the application of those laws will depend on decisions made by prison and parole authorities." [Citation omitted.] The legislature could have written the 1999 amendments more broadly to impart more information but chose not to. Accordingly, precedent maintaining that parole is not a proper issue for jury consideration remains in effect except to the extent explicitly provided for in Article 37.071 § 2(e)(2)(B).

*Hankins,* 132 S.W.3d at 385. The trial court did not abuse its discretion by refusing to allow appellant to voir dire the prospective jurors as requested. Point of error eight is overruled.

### CHARGE ISSUES

■ In points of error one and one-A, appellant asserts that the trial court erred when it "judicially amended [the mitigation issue] by grafting the evidentiary requirements of [the future dangerousness issue] onto the mitigation issue." He asserts that this error in the charge rendered the death-penalty statute unconstitutional as applied to him and violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution. Specifically, appellant complains of the following instruction given in the punishment charge:

> In deliberating on Special Issue No. 1 [future dangerousness] and Special Issue No. 2 [mitigation], the Jury shall consider all the evidence admitted at the guilt or innocence phase and the punishment phase, including evidence of the defendant's background or character or circumstances of the offense that militates for or mitigates against imposition of the death penalty.

Appellant claims that the judge's change in the statutory language improperly allowed the jury to consider evidence supporting a death sentence as well as evidence mitigating against a death sentence when answering the mitigation issue. Thus, appellant claims his "vehicle for consideration of mitigation evidence [was] a legal shell void of a legitimate opportunity for a jury to grant 'mercy' in the context of a capital-murder sentencing." In other words, appellant argues that Article 37.071, § 2(e)(1) requires the jurors to be informed that when deliberating on the mitigation issue, they should consider only that evidence that mitigates against imposition of the death penalty, as opposed to the charge that was given that instructed them to consider aggravating as well as mitigating evidence.

■ Appellant is correct that the judge slightly amended the statutory language when he included this instruction in the charge. Article 37.071, § 2(d)(1) requires a trial court to charge the jury that:

> in deliberating on the [future dangerousness and anti-parties] issues ... it shall consider all evidence admitted at the guilt or innocence stage and the punishment stage, including evidence of the defendant's background or character or the circumstances of the offense that militates for or mitigates against the imposition of the death penalty.

The trial court's amendment to the language of this instruction made it apply when the jury was deliberating on the mitigating issue as well as on the future dangerousness issue. Although this was an incorrect recitation of the statute, appellant failed to object to its inclusion in the charge. Thus, the record would have to show that appellant suffered egregious harm from any error in the instruction in order for this case to be reversed. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex. Crim.App.1984)(op. on reh'g).

Article 37.071, § 2(e)(1) directs the court to instruct the jury to "tak[e] into consid-

eration all of the evidence" when determining whether there are sufficient mitigating circumstance to warrant the imposition of a sentence of life imprisonment. This language was given to the jury. By its plain language, the statute requires the jury to look at *all* of the evidence and not just evidence a juror might consider to be mitigating. For example, victim-impact evidence may be relevant to counteract the mitigating evidence the defendant is entitled to introduce. *See, e.g., Prystash v. State,* 3 S.W.3d 522, 536 (Tex.Crim.App. 1999), *cert. denied,* 529 U.S. 1102, 120 S.Ct. 1840, 146 L.Ed.2d 782 (2000). Following appellant's analysis, none of this evidence would be admissible because it would be rendered irrelevant. This is not the law. Because the jury is entitled to consider all of the evidence, any improper addition to the language in the instruction did not harm appellant. Points of error one and one-A are overruled.

■ In points of error seven and seven-A, appellant claims that the trial court erred at punishment in failing to submit to the jury two charges he requested. Specifically, appellant asserts that the court should have submitted the following:

1. In answering [the mitigation issue], you are instructed to disregard any finding you made beyond a reasonable doubt against the mitigation issue related to [the future dangerousness issue]. In considering [the mitigation issue], you may not consider any negative finding previously made on the issue of mitigation.
2. To release on parole an inmate who is convicted of a capital felony who must serve 40 calendar years before becoming eligible for release on parole, all members of the board must vote on the release on parole of the inmate and at least two-thirds of the members must vote in favor of the release on parole. A member of the board may not vote on the release unless the member first receives a copy of a written report from the department on the probability that the inmate would commit an offense after being released on parole.

During your deliberations, you will not consider or discuss any possible action of the Board of Pardons and Paroles or the Governor.

■ The future dangerousness question asks the jury to consider all of the evidence, including factors that a jury may consider aggravating, to determine whether there is a probability that a defendant will continue to commit criminal acts of violence which constitute a threat to society. The jury is also permitted, although not required, to consider this same evidence when deliberating on the mitigation issue. *Hankins,* 132 S.W.3d at 385; *Mosley v. State,* 983 S.W.2d 249, 263 n. 18 (Tex.Crim.App.1998), *cert. denied,* 526 U.S. 1070, 119 S.Ct. 1466, 143 L.Ed.2d 550 (1999). However, the factfinder's purpose differs when considering evidence in the context of each respective issue. *Hankins,* 132 S.W.3d at 385. In the context of the future dangerousness question, the jury considers all of the evidence in order to determine whether to "impose" the death penalty, whereas, in the context of the mitigation issue, the jury considers the evidence in order to determine whether the jury should "decline to impose" the death penalty. *Hankins,* 132 S.W.3d at 385–86. An affirmative finding on the future dangerousness question does not necessarily compel a negative answer on the mitigation question. *Id.* The trial court did not err in refusing the first requested issue.

■ Further, the trial court did not err in refusing the second requested issue. With the exception of the instruction ex-

plicitly set out in Article 37.071, § 2(e)(2)(B), parole is otherwise not a proper issue for jury consideration in capital cases. *Id.* The court's punishment charge tracked the Article 37.071, § 2(e)(2)(B) statutory language. The trial court did not abuse its discretion in denying appellant's requested charge.[4] Points of error seven and seven-A are overruled.

## EFFECTIVE ASSISTANCE OF COUNSEL

Appellant asserts in his third point of error that trial counsel rendered ineffective assistance of counsel by presenting punishment testimony "that established ... beyond a reasonable doubt" that he was a continuing threat to society. Specifically, appellant complains about the testimony of defense psychologist Gilda Kessner. Based upon studies of violence in the penitentiary setting, various statistical values, and extrapolation from the various data sources, Kessner testified that there was an "18.8% chance" that appellant would commit acts of violence in the penitentiary.

In his fourth point of error, appellant contends that his counsel rendered ineffective assistance when counsel presented testimony from S.O. Woods, the former assistant director of the Texas Department of Criminal Justice—Institutional Division (TDCJ–ID), that "delegitimatized a capital life sentence as a viable sentencing option." Woods generally testified about how inmates are classified at TDCJ–ID. He also offered testimony on how he expected appellant to be classified. The State then used cross-examination to establish that a wide range of weapons are available to the inmates in the penitentiary system, and the penitentiary does not guarantee a violence-free environment.

The proper standard for reviewing an ineffective assistance of counsel claim was established in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by this Court in *Hernandez v. State,* 726 S.W.2d 53 (Tex.Crim.App.1986). Under *Strickland,* an appellant must first demonstrate that his trial counsel's performance was deficient. Secondly, he must show that his counsel's deficient performance was so serious that it prejudiced his defense, rendering the trial unfair and the verdict suspect. *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052; *Lockhart v. Fretwell,* 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). Appellate review of defense counsel's representation is highly deferential and presumes that counsel's actions fell within the wide range of reasonable and professional assistance. *Bone v. State,* 77 S.W.3d 828, 833 (Tex.Crim.App.2002); *Chambers v. State,* 903 S.W.2d 21, 33 (Tex.Crim.App.1995). The analysis is undertaken in light of the "totality of the representation" rather than by examining isolated acts or omissions of trial counsel. *Wilkerson v. State,* 726 S.W.2d 542, 548 (Tex.Crim.App.1986), *cert. denied,* 480 U.S. 940, 107 S.Ct. 1590, 94 L.Ed.2d 779 (1987). The fact that another attorney may have pursued a different tactic at trial is insufficient to prove a claim of ineffective assistance. *McFarland v. State,* 845 S.W.2d 824, 844 (Tex.Crim.App.

---

4. Appellant also complains that the capital-punishment statute allows a jury to give full consideration to parole, in contrast to the noncapital-punishment statute which admonishes the jury that they are "not to consider the manner in which the parole law may be applied to this particular defendant" and provides that "evidence on the operation of parole and good conduct time laws" is not permitted. *Compare* Art. 37.071 *with* Art. 37.07. We do not address this argument since he did not complain about the charge on this basis at trial. TEX.R.APP. PROC. 33.1.

1992), *cert. denied,* 508 U.S. 963, 113 S.Ct. 2937, 124 L.Ed.2d 686 (1993).

Under most circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decision-making as to overcome the strong presumption that counsel's conduct was reasonable and professional. *Bone,* 77 S.W.3d at 833. As this Court recently explained, rarely will the trial record contain sufficient information to permit a reviewing court to fairly evaluate the merits of such a serious allegation: "[i]n the majority of cases, the record on direct appeal is simply undeveloped and cannot adequately reflect the failings of trial counsel." *Id.* A reviewing court can frequently speculate on both sides of an issue, but ineffective assistance claims are not built on retrospective speculation; rather, they must "be firmly founded in the record." *Id.*

From the information available to us, we can only speculate as to why counsel acted or failed to act as they did. *Id.; Ex parte Torres,* 943 S.W.2d 469, 475 (Tex.Crim. App.1997); *Jackson v. State,* 877 S.W.2d 768, 771 (Tex.Crim.App.1994). Without more, we must presume that counsel acted pursuant to a reasonable trial strategy. *Id.* Points of error three and four are overruled.

We affirm the judgment of the trial court.

WOMACK, J., concurs.