Affirmed and Memorandum Opinion filed March 31, 2005









Affirmed and Memorandum Opinion filed March 31, 2005.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-01299-CR

NO. 14-03-01300-CR

NO. 14-03-01302-CR

_______________

 

RAUL GERARDO FAVELA,
JR., Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

_______________________________________________________

 

On Appeal from the 405th District Court

Galveston County, Texas

Trial Court Cause Nos. 02CR2247;
02CR2248 & 02CR2249

_______________________________________________________

 

M E M O R A N D U M  
O P I N I O N

 

Raul
Gerardo Favela appeals two convictions for manslaughter and a conviction for
aggravated assault[1]
on the ground that he was denied effective assistance of counsel.  We affirm.








Appellant=s sole issue on appeal argues he was
denied effective assistance of counsel because his trial counsel failed to
recognize, research, present, and request a jury instruction on appellant=s only available defense of
necessity.

A
defendant=s right to effective assistance of
counsel is denied when a defense attorney=s performance falls below an
objective standard of reasonableness and there is a reasonable probability
that, but for the error, the result of the proceeding would have been
different.[2]  However, to prevail on such a claim, a
defendant must overcome a presumption that the challenged action might be
considered sound trial strategy under the circumstances.  Bell v. Cone, 535 U.S. 685, 698
(2002).  Moreover, judicial scrutiny of
counsel=s performance must be highly
deferential, and every effort must be made to eliminate the distorting effects
of hindsight.  Id.

In
order for a defendant to be entitled to a jury instruction on a defensive
issue, the issue must be raised by the evidence.  Rogers v. State, 105 S.W.3d 630, 639
(Tex. Crim. App. 2003).  A defendant=s conduct is justified under the
necessity defense if, among other things, the actor reasonably believes the
conduct was immediately necessary to avoid imminent harm; and the desirability
and urgency of avoiding the harm clearly outweighs, according to ordinary
standards of reasonableness, the harm sought to be prevented by the law
proscribing the conduct.  Tex. Pen. Code Ann. ' 9.22(1), (2) (Vernon 2003).








In
this case, appellant=s convictions were for causing two deaths and serious
injuries to a third person by driving a vehicle at an excessive rate of speed,
running a red light, and thereby colliding with another vehicle.  Appellant testified during the punishment
phase that he drove that way out of fear for his life because another person in
his vehicle, Zuniga, saw a police car coming toward them, told appellant to get
out of there quickly, had a gun, and was acting crazy, as if he was going to
use the gun.  The only explanation for
counsel not pursuing a coercion defense, such as necessity, was stated during
his opening statement in the guilt phase and his closing argument on
punishment, respectively:

[Y]ou
will not see the evidence that Zuniga put the gun behind my client=s back of his head and said, ADrive.@ 
That=s not the case.  You won=t see that. 

*          *          *          *

Now
he knows he should have stopped the car, but he was scared and there=s good reasons for him to be scared
though it doesn=t rise to the level of involuntary force, a force causing
involuntary action on him.  That=s why we didn=t raise it as a defense.  But at least it=s something you can consider now.

To the extent
that counsel believed the evidence failed to establish a reasonable belief that
appellant=s conduct was immediately necessary
to avoid imminent harm, or that there were tactical reasons that appellant
should not take the stand during the guilt phase, as would have been necessary
to assert the defense, appellant cites no evidence on appeal to suggest that
this was not plausible trial strategy.

In
addition, appellant cites no legal authority or evidence to suggest that the
desirability and urgency of avoiding the perceived harm to himself clearly
outweighed, according to ordinary standards of reasonableness, the harm sought
to be prevented by the laws proscribing driving at excessive speed and running
red lights.  Because appellant=s sole issue thus fails to establish
ineffective assistance of counsel, it is overruled, and the judgment of the
trial court is affirmed.

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Memorandum Opinion filed March 31, 2005.

Panel consists of
Justices Yates, Edelman, and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 











[1]           A jury
found appellant guilty of all three offenses and sentenced him to 20 years
confinement in each case. 





[2]           Yarborough
v. Gentry, 540 U.S. 1,5 (2003); Wiggins v. Smith, 539 U.S. 510, 534
(2003); Scheanette v. State, 144 S.W.3d 503, 509 (Tex. Crim. App. 2004),
cert. denied, 125 S. Ct. 872 (2005).