IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-59,466-01






EX PARTE DALE DEVON SCHEANETTE








ON APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE


NO. C-4-006948-0854220-A IN THE CRIMINAL DISTRICT COURT FOUR


TARRANT COUNTY






 Per Curiam. 



O R D E R



 This is a post conviction application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure article 11.071.

 On January 8, 2003, a jury convicted applicant of the offense of capital murder. 
The jury answered the special issues submitted pursuant to Texas Code of Criminal
Procedure article 37.071, and the trial court, accordingly, set punishment at death. This
Court affirmed applicant's conviction and sentence on direct appeal. Scheanette v. State,
144 S.W.3d 503 (Tex. Crim. App. 2004), cert. denied, 125 S.Ct. 872 (2005).

 Applicant contends, inter alia, that he was denied due process and the outcome of
his trial was undermined by the ineffective assistance of his counsel. Specifically,
applicant claims that his counsel was ineffective because he:

 - failed to conduct any pretrial investigation into the facts of the case or "to
oppose by pretrial motion or objection the charges made against" applicant;

 - "demonstrated an unfamiliarity with the law and the facts which prejudiced
the presentation of Applicant's case"; 

 - failed to elicit beneficial facts or take actions beneficial to his client;

 - presented punishment evidence that applicant constituted a continuing
threat to society; and 

 - presented the testimony of S.O. Woods which undercut the legitimacy of a
life sentence for applicant. 


Applicant contends that, but for these deficiencies, the result of his trial would have been
different.

 The trial court has entered findings of fact and conclusions of law. However, we
believe that applicant has alleged facts which, if true, might entitle him to relief. 
Therefore, it is this Court's opinion that additional facts need to be developed. Because
this Court cannot hear evidence, it is necessary for the matter to be remanded to the trial
court for resolution. As set out in Tex. Code Crim. Proc. art.11.07 § 3(d), the trial court
may resolve the factual issues by ordering affidavits, depositions, or interrogatories from
counsel, or it may hold a hearing.

 Following receipt of additional information, the trial court shall make findings of
fact as to whether applicant's counsel performed deficiently and whether any deficient
performance prejudiced applicant. The trial court should also make any further findings
of fact and conclusions of law it deems relevant and appropriate to the disposition of the
application for writ of habeas corpus.

 This application for a post-conviction writ of habeas corpus will be held in
abeyance pending the trial court's compliance with this order. The trial court shall
resolve the issues presented within 90 days of the date of this order. (1) A supplemental
transcript containing all affidavits, the transcription of the court reporter's notes from any
interrogatories or hearings held, along with the trial court's findings of fact and
conclusions of law, shall be returned to this Court within 120 days of the date of this
order. (2)

 IT IS SO ORDERED THIS THE 13TH DAY OF APRIL, 2005.


Do Not Publish
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.