Affirmed and Memorandum Opinion filed November 10, 2005









Affirmed and Memorandum Opinion filed November 10, 2005.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00666-CR

_______________

 

CHARLIE LEE RANZY, Appellant

 

V.

 



THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 184th District Court

Harris County, Texas



Trial
Court Cause No. 953,773

 



 

M E M O R A N D U M  
O P I N I O N

 

Charlie
Lee Ranzy appeals a conviction for aggravated assault[1]
on the grounds that: (1) the evidence was legally and factually insufficient to
prove he committed aggravated assault with a deadly weapon; and (2) his counsel
was ineffective.  We affirm.








Appellant=s first and second issues argue that
the State failed to prove that he threatened the complainant, Wilbert Gage,
with imminent bodily injury by using or exhibiting a deadly weapon because: (1)
both he and his wife were arrested for threatening Gage with imminent bodily
injury;[2]
(2) Gage had smoked crack cocaine and had consumed a beer on the day of the
offense; and (3) the State failed to present any photographs, statements of
witnesses, or scientific evidence that appellant committed the offense. 

In
reviewing legal sufficiency, we view all of the evidence in the light most
favorable to the verdict to determine whether a rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt.  Salinas v. State, 163 S.W.3d 734, 737
(Tex. Crim. App. 2005).  In reviewing
factual sufficiency, we view all the evidence in a neutral light, both for and
against the finding, and set aside the verdict only if proof of guilt is so
obviously weak as to undermine confidence in the jury=s determination, or the proof of
guilt, while adequate if taken alone, is greatly outweighed by contrary
proof.  Vodochodsky v. State, 158
S.W.3d 502, 510 (Tex. Crim. App. 2005).

In
this case, Gage testified that: (1) he saw appellant with a gun in his hand
when he entered the upstairs bedroom; (2) he had a very good view of appellant
waiving the gun in the air; (3) he fled the bedroom, crawling down the stairs
because he did not want to get shot; (4) someone he could not see shot at him
from behind as he crawled down the stairs; (5) at the bottom of the stairs, he
fell through the doorway onto the porch, then saw appellant step out the door,
stand over him, and shoot him from 2-3 feet away; and (6) although he had
consumed beer and smoked crack cocaine earlier in the day, it did not affect
his recollection of how the shooting occurred. 
Additionally, Aquekesha Williams, appellant=s stepdaughter, testified that she
saw appellant shooting at Gage while they were coming down the stairs.  This evidence is legally sufficient to show
that appellant threatened Gage with a deadly weapon.








In
challenging the factual sufficiency of the evidence, appellant points to
testimony that: (1) he had an argument with his wife and that she had started
shooting at him earlier on Brandon Street; (2) his wife shot Gage; (3) both he
and his wife were arrested; (4) his wife bought a crack pipe and intended to
smoke some crack; (5) he was not upset to see Gage in the bedroom with his wife
because he had known him since he was a little boy and Gage was the
neighborhood handyman; (6) Gage had smoked crack cocaine and probably consumed
a beer earlier that day; and (7) Gage didn=t actually see who shot him except
for the fifth shot.  Although some of
this evidence conflicts with that supporting conviction, it is not so
compelling as to render the evidence factually insufficient.  Accordingly, appellant's first two issues are
overruled.

Appellant=s third issue contends that he was
denied effective assistance of counsel because his trial counsel failed, during
the guilt-innocence phase of his trial, to: (1) adequately investigate the
facts of the case and determine whether appellant, who has a history of mental
illness, was on medication for it at the time of the offense; and (2) request a
second sanity evaluation.

A
defendant's right to effective assistance of counsel is denied when a defense
attorney's performance falls below an objective standard of reasonableness and
there is a reasonable probability that, but for the error, the result of the
proceeding would have been different.  Yarborough
v. Gentry, 540 U.S. 1,5 (2003); Wiggins v. Smith, 539 U.S. 510, 534
(2003); Scheanette v. State, 144 S.W.3d 503, 509 (Tex. Crim. App. 2004),
cert. denied, 125 S. Ct. 872 (2005). 
Although strategic decisions made by counsel after thorough
investigation are unchallengeable, strategic decisions made after less than
complete investigation are reasonable only to the extent that the known
evidence would not have led a reasonable attorney to investigate further.  Wiggins, 539 U.S. at 521. 








In
this case, appellant testified repeatedly that he had taken his medication on
the day of the offense.[3]  He further stated that the fact he was then
on his medication could be verified by the blood tests administered when he was
taken to jail and by his medical records from St. Joseph=s, where he was in treatment.  Similarly, regarding the failure to request a
second sanity evaluation, the sanity evaluation that was conducted indicates
that a doctor had interviewed appellant and reviewed his jail medical record,
which, according to appellant, showed that he was on his medication on the day
of the offense.  Therefore, appellant=s third issue fails to show a
reasonable probability that a further investigation by appellant=s counsel or a second sanity
evaluation would have produced a different outcome.  Accordingly, appellant=s third issue is overruled, and the
judgment of the trial court is affirmed.

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Memorandum Opinion filed November 10, 2005.

Panel consists of
Justices Fowler, Edelman and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]           The
trial court found appellant guilty and assessed punishment of 65 years
confinement.





[2]           Although
appellant=s wife, Chiquita St. Cyr, was charged with aggravated
assault against appellant, the Grand Jury did not indict her. 





[3]           Although
he stated once that he had not taken his medication that day, but had instead
consumed drugs and alcohol, he explained that he had merely gotten ahead of
himself and did not hear the prosecutor=s
question before answering.  He explained
that he stopped taking drugs and consuming alcohol because his wife insisted he
stop and get back on his medication as a condition of marrying him.