NUMBER 13-06-00233-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


LARRY DARNELL LATCHIE, JR. Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 264th District Court of Bell County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Benavides and Vela


Memorandum Opinion by Chief Justice Valdez



 Appellant, Larry Darnell Latchie, Jr., appeals from his conviction for aggravated
assault with a deadly weapon. Tex. Pen. Code Ann. § 22.02 (Vernon Supp. 2006). 
A jury found Latchie guilty and assessed punishment at 15 years in prison and a
$1,000 fine. The trial court entered a judgment of conviction and punishment
according to the jury's verdict. By two issues, Latchie contends that the trial court
erred by: (1) allowing the State to present new and harmful evidence in its closing
argument and (2) admitting penitentiary packets during the punishment phase of trial. 
We affirm.

I. BACKGROUND

 Latchie was indicted on a single count of aggravated assault with a deadly
weapon for an incident that occurred at a Killeen apartment complex. The indictment
included allegations of two prior convictions for burglary of a habitation and burglary
of a motor vehicle as enhancements. Latchie exercised his right to a jury trial on both
guilt/innocence and punishment.

 At trial, the State called Ernest Lawrence, the alleged victim, and two police
officers who were dispatched to the scene. Lawrence testified that he was visiting
with a friend at the apartment complex when Latchie drove up, got out of a car, and
accused Lawrence of talking about him. Lawrence denied talking about Latchie and
tried leaving. When Lawrence tried leaving, Latchie pulled out a couple of swords and
started chasing Lawrence. Lawrence testified that he was able to escape from Latchie
by running through the woods; he called police from a passerby's phone. 

 Police Officer Samuel Ellis, Jr. testified that he and Officer Debreah Chism
arrived at the apartment complex at the same time. The two encountered Lawrence,
who ran towards the officers yelling that someone named "Trip" was trying to kill him. 
The officers told Lawrence to stay away from the apartment complex. Officer Ellis
knew "Trip" to be the defendant based on prior experience. Officer Ellis further
testified that upon approaching the apartment complex he saw Latchie run from a
courtyard in the middle of the complex to a hollowed-out tree behind the complex. As
he approached Latchie, Lawrence emerged and started yelling, "that's him." 

 Officer Chism's testimony echoed Officer Ellis's testimony regarding the
encounter with Latchie. After Latchie was handcuffed, Lawrence told Officer Chism
that Latchie hide the swords in a hollowed out tree behind the apartment complex. 
Officer Chism found two swords in the hollowed out tree. Photos of the swords are
admitted into evidence and identified by Officer Chism. 

 Officer Chism also testified that she attempted to speak to a potential witness
who refused to identify himself. Officer Chism opined that, "given the circumstances,
the person was afraid that something would happen to him, so he didn't want to
identify himself." Latchie objected to the statement because it called for hearsay
testimony and a conclusion on the witness's part. His objection was sustained, but
no further relief was requested.

 In addition to live testimony, the State offered a penitentiary packet, which
showed that Latchie had been previously convicted for burglary of a habitation and
burglary of a motor vehicle. (1) The penitentiary packet was admitted over Latchie's
objection.

 Latchie testified in his own defense and denied assaulting Lawrence. According
to Latchie, a friend of his named Derrick got into a fight with Lawrence, owned the
swords found in the tree, and flashed them at Lawrence during the fight. Latchie
opined that Lawrence used drugs and was most likely "spooked" by Derrick. After
Lawrence ran from Derrick, Latchie advised Derrick to hide the swords inside the
hollowed out tree and that the two of them should go visit "Whisper," another friend. 
Whisper hosted Latchie, Lawrence, and a few other people who did drugs. When the
police arrived, everybody in Whisper's apartment scattered. Latchie was apprehended
by the authorities upon exiting Whisper's apartment.

 The jury convicted Latchie of aggravated assault. The charge on punishment
included two prior convictions and provided for an enhanced punishment range. The
jury assessed punishment at 15 years in prison and a $1,000.00 fine. The trial court
entered a judgment of conviction and punishment according to the jury's verdict. This
appeal ensued.

II. DISCUSSION

A. The State's Closing Argument

 By his first issue, Latchie contends that the trial court erred by allowing the
State to present new and harmful evidence to the jury in its closing argument during
the guilt/innocence phase of trial. Specifically, Latchie objected to the following
closing argument:

 . . . [Latchie]'s a con. He is a con. He is a con and a bully. He terrorized
the people on East Bryce. That is what he does. Nobody would talk. 
Nobody would give their name. Nobody would give a statement. No one
at all because they were afraid, because they live that lie.


Latchie's objection to the quoted argument was overruled. Latchie contends that
because his objection to Officer Chism's comment about a witness not wanting to
identify himself or give a statement was sustained, the quoted closing argument
amounts to the presentation of new evidence. We disagree. 

 Proper closing arguments consist of: (1) summations of the evidence, (2)
reasonable deductions from the evidence, (3) answers to argument of opposing
counsel, and (4) pleas for law enforcement. Wesbrook v. State, 29 S.W.3d 103, 115
(Tex. Crim. App. 2000). To determine whether an argument that exceeds these
bounds requires reversal, we examine whether, "in light of the record as a whole, the
argument is extreme or manifestly improper, violative of a mandatory statute, or
injects new facts harmful to the accused into the trial proceeding." Id.

 The closing argument can be read as a summation of the evidence. By Latchie's
own testimony, Derrick, Whisper, and a few other people in Whisper's apartment were
near the scene where Lawrence was allegedly assaulted by Latchie. Everyone
scattered when the police arrived. There is thus, some evidence to support the portion
of the State's closing argument that nobody would talk to the authorities. Latchie's
first issue is overruled.

B. Admission of "Penitentiary Packet"

 By his second issue, Latchie contends that the trial court erred in admitting a
penitentiary packet containing judgments of conviction for burglary of a habitation and
burglary of a motor vehicle. We review the admission of evidence for abuse of
discretion. Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991, op.
on reh'g). So long as the court's decision was within the zone of reasonable
disagreement, we will not disturb it on appeal. Id. 

 Latchie argues that the penitentiary packet's admission was prejudicial and was
not required because he stipulated to having two prior convictions. See Old Chief v.
United States, 519 U.S. 172, 191 (1997) (holding that a federal district court abused
its discretion in admitting a judgment of a prior felony conviction during the
guilt/innocence phase of trial when the defendant stipulated to the conviction).

 Latchie's reliance on Old Chief is misplaced. Old Chief is distinguishable from
the instant case because it dealt with the admission of a prior felony conviction during
the guilt/innocence phase of trial. Old Chief, 519 U.S. at 176. In the instant case, the
penitentiary packet was admitted during the punishment phase of trial.

 During a hearing on punishment, "evidence may be offered by the state and the
defendant as to any matter the court deems relevant to sentencing, including but not
limited to the prior criminal record of the defendant, his general reputation, his
character, an opinion regarding his character, the circumstances of the offense for
which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of
Evidence, any other evidence of an extraneous crime or bad act that is shown beyond
a reasonable doubt by evidence to have been committed by the defendant[.]" Tex.
Code Crim. Proc. Ann. art. 37.07, § 3(a) (Vernon 2006) (Emphasis added). 

 The penitentiary packet admitted into evidence constitutes a prior criminal
record as envisioned by the code of criminal procedure. See id. Additionally, the trial
court could have found the relevant and probative information in the penitentiary
packet outweighed its prejudicial effect. Tex. R. Evid. 402 (providing that although
relevant, evidence may be excluded if its probative value is substantially outweighed
by the danger of unfair prejudice). Latchie's second issue is overruled.

III. CONCLUSION (2)

 The judgment of the trial court is affirmed.


 

 ROGELIO VALDEZ

 Chief Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed 

this the 2nd day of August, 2007.
1. The penitentiary packet contains (1) an affidavit, (2) Latchie's mug shot, (3) a judgment on a plea
of guilty or nolo contendere for burglary of a habitation, (4) a judgment adjudicating guilty for burglary of a
motor vehicle, and (5) Latchie's fingerprints. 
2. Latchie has filed a motion for leave to file a supplemental brief. We construe it to be a motion for
hybrid representation. Latchie's motion is hereby denied because an appellant has no right to hybrid
representation. See Scheanette v. State, 144 S.W.3d 503, 505 n.2 (Tex.Crim.App. 2004), cert. denied, 543
U.S. 1059, 125 S. Ct. 872, 160 L. Ed. 2d 785 (2005).