Opinion filed September 6, 2007


















 
 
  
 
 







 
 
  
 
 




Opinion filed September 6, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00305-CR 

                                                    __________

 

                                  HIAWATHA CAMERON, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                  On
Appeal from the 35th Judicial District Court

 

                                                          Brown County, Texas

 

                                                 Trial
Court Cause No. CR17854 

 



 

                                                                   O
P I N I O N

 

The jury convicted Hiawatha Cameron of theft and
found the enhancement allegation to be true, and the trial court sentenced him
to fifteen years confinement.  Cameron
challenges his conviction with five issues, contending that the evidence was
legally and factually insufficient to establish that he was a party to any
theft, that the evidence was legally and factually insufficient to establish
that the value of the stolen items equaled or exceeded $500, and that his
counsel was constitutionally ineffective. 
We affirm.








At about 7:45 p.m. one evening, three men,
including Cameron, entered  J.C. Penney and
looked around.  One of the men grabbed a
handful of merchandise and fled.  A J.C.
Penney=s
employee pursued him outside.  He did not
see the thief but did see a white car without any lights parked in the
distance.  Cameron and the third
individual remained in the store.  When
the employee returned, he asked them why their friend had stolen
merchandise.  Neither responded, but
Cameron=s
associate said, AWe better
hurry up and get out of here.@  The two left the store approximately five
minutes after the theft occurred.

The store manager approached them as they were
leaving and asked if she could talk to them. 
The men responded by running away. 
She followed them and saw a white Chrysler Sebring without lights.  The Chrysler drove toward the men, and the
manager heard someone say, AShe
is right behind you.@  The Chrysler sped out of the parking lot and
Cameron and his associate ran out of the parking lot and across a highway.  Store personnel contacted the police, and at
approximately 9:30 to 9:45 the police brought three suspects, including
Cameron, to the store.  The store manager
identified Cameron, the individual who had run out of the store with him, and
several items of clothing that belonged to the store.  She testified that the total value of the
stolen clothing was $572.

Early Police Officer Johnny Dale Brown was the
arresting officer and was the officer who transported Cameron and his associate
to J.C. Penney.  Officer Brown=s car is equipped with an in-car
camera.  Officer Brown testified that he
reviewed the tape of the incident and on several occasions could hear Cameron
say, AI=ll take the case.@ 
On another occasion, Cameron said, AI
will be the scapegoat.  If I=ve got a record, why not let me take
the case and let the other two cats go?@


The jury convicted Cameron of felony theft.  Cameron does not dispute the sufficiency of
the evidence to establish that clothing was stolen, but he does dispute the
sufficiency of the evidence to establish that he was a party.  Tex.
Penal Code Ann. '
7.02 (Vernon 2003) provides:

(a) A person is criminally responsible for an
offense committed by the conduct of another if:

 

(1) acting with the kind of culpability required
for the offense, he causes or aids an innocent or nonresponsible person to
engage in conduct prohibited by the definition of the offense;

 








(2) acting with intent to promote or assist the
commission of the offense, he solicits, encourages, directs, aids, or attempts
to aid the other person to commit the offense; or

 

(3) having a legal duty to prevent commission of
the offense and acting with intent to promote or assist its commission, he
fails to make a reasonable effort to prevent commission of the offense.

 

Proof that a person is a party to an offense may be established
with circumstantial evidence that shows that the parties were acting together
to accomplish their common purpose.  See
Wygal v. State, 555 S.W.2d 465, 469 (Tex. Crim. App. 1977).  The agreement to accomplish a common purpose,
if any, must be made before or contemporaneously with the criminal event; but,
in determining whether one has participated in an offense, the court may examine
the events occurring before, during, and after the commission of the
offense.  Miller v. State, 83
S.W.3d 308, 314 (Tex. App.CAustin
2002, pet. ref=d).

Cameron argues that the evidence is legally and
factually insufficient because it merely shows that he was present and may have
assisted the primary actor make a getaway. 
The jury, however, was also allowed to consider that Cameron refused to
respond to store personnel, that he ran when the manager asked to speak to him,
that a white car without lights was seen leaving the parking lot as Cameron and
his associate were running away, that someone in the car said:  AShe
is right behind you@ as they
ran, that Cameron was later found in a white car, that clothing with J.C.
Penney=s ink
tags was in the trunk, that he had removed the shirt he wore into the store,
and that Cameron repeatedly offered to Atake
the case@ while
being transported.

In order to determine if the evidence is legally
sufficient, we must review all of the evidence in the light most favorable to
the verdict and determine whether any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt.   Jackson v. Virginia,
443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664 (Tex. Crim. App. 2000).  To determine if the evidence is factually
sufficient, we review all of the evidence in a neutral light.   Watson v. State, 204 S.W.3d 404, 414
(Tex. Crim.
App. 2006).  Then, we determine whether
the evidence supporting the verdict is so weak that the verdict is clearly
wrong and manifestly unjust or whether the verdict is against the great weight
and preponderance of the conflicting evidence.  
Id.
at 414‑15.








Viewed under either a legal sufficiency or factual
sufficiency standard, the evidence is sufficient.  Cameron=s
behavior from the moment the primary actor took the clothing, until he was
transported to jail, is inconsistent with that of an innocent person.  Shortly after the theft, he was found in a car
that matched one seen fleeing the scene without lights and that had J.C. Penney=s clothing B
with the ink tags still attached B
in the trunk. Finally, his statements in the police car are tantamount to an
admission.  Issues one and two are
overruled.








Cameron next argues that the evidence is legally
and factually insufficient to establish that the value of the stolen clothing
equaled or exceeded $500.  When the
primary actor fled, store personnel could only see a red item in his
possession.  When Cameron was arrested,
he and the items found in the trunk of his car were brought to J.C.
Penney.  Store personnel identified
several items as store merchandise. 
These had J.C. Penney=s
ink tags and included jeans, Polo sweatshirts, and Cowboys jerseys.  The store manager personally stocked the Polo
sweatshirts earlier that day and immediately after the theft noticed two blank
spots in the Polo display.  She did not
notice any jeans or Cowboys jerseys missing at that time and agreed that they
could have been stolen at a different time. 
But after Cameron was brought to the store, she checked the jeans and
Cowboys merchandise displays and saw that there were places from which that
merchandise could have been taken.

Cameron argues that the evidence does not
establish when all of the items were taken or from which store.  Because there was no evidence that he
assisted with any other theft, the evidence was legally and factually
insufficient to establish that he participated in the theft of merchandise
worth at least $500.  The store manager
agreed that there were no codes on the ink tags to distinguish from which J.C.
Penney=s store
the clothing was taken, but she testified that she was familiar with her store=s inventory, that there was no doubt in
her mind that the items she claimed were in fact items for sale in her store
that day, and that the items with J.C. Penney=s
ink tags belonged to her store.  She
testified that the police also brought other merchandise which she did not
claim because she did not carry that merchandise in her store.  This evidence is legally and factually
sufficient.  Cameron=s criticism of the manager=s testimony goes to her
credibility.  Under both the legal and
factual sufficiency standards of review, the jury is the exclusive judge of the
facts, the credibility of the witnesses, and the weight to be given to the
witnesses=
testimony.  Jaggers v. State, 125
S.W.3d 661, 670 (Tex. App.CHouston
[1st Dist.] 2003, pet. ref=d).   The jury may believe all, some, or none of
any witness=s
testimony.  Sharp v. State, 707
S.W.2d 611, 614 (Tex. Crim. App. 1986). 
This standard of review applies to both direct and circumstantial evidence
cases.   King v. State, 29 S.W.3d
556, 565 (Tex.
Crim. App. 2000).  The jury obviously
accepted the manager=s
testimony.  Because that testimony
established that over $500 worth of merchandise was taken from her store,
issues three and four are overruled.

Finally, Cameron argues that his trial counsel was
constitutionally ineffective for not objecting to the following:  evidence of more than two prior theft
convictions, the admission of the tape from Officer Brown=s car, and the prosecution=s closing argument.  In order to determine whether appellant=s trial counsel rendered ineffective
assistance at trial, we must first determine whether appellant has shown that
counsel=s
representation fell below an objective standard of reasonableness and, if so,
then determine whether there is a reasonable probability that the result would
have been different but for counsel=s
errors.  Strickland v. Washington, 466 U.S. 668 (1984).  The analysis for ineffective assistance of
counsel is undertaken in light of the Atotality
of the representation@
rather than by examining isolated acts or omissions of trial counsel.  Scheanette v. State, 144 S.W.3d 503,
509 (Tex.
Crim. App. 2004).  The fact that another
attorney may have pursued a different tactic at trial is insufficient to prove
a claim of ineffective assistance.  Id.   Under most circumstances, the record on
direct appeal will not be sufficient to show that counsel=s representation was so deficient and
so lacking in tactical or strategic decision‑making as to overcome the
strong presumption that counsel=s
conduct was reasonable and professional. 
Id.
at 510.  








Cameron concedes that the admission of two prior
theft convictions was proper because it is a jurisdictional precedent for a
felony theft charge, but he contends that counsel should have objected to State=s Exhibit No. 17 because it referenced
five other convictions.  The indictment
alleged that Cameron had been previously convicted of theft in 1998 and 2004 in
Lubbock County. 
The indictment also included a state jail felony enhancement paragraph,
which alleged that Cameron had been previously convicted of burglary and
possession of a controlled substance. 
Counsel filed a motion in limine in which he objected to evidence of
prior convictions, and he asserted this same objection in a pretrial
hearing.  The trial court allowed the
State to present evidence of the two prior theft convictions but ordered the
State to avoid the state jail felony enhancement allegation during the
guilt/innocence phase.  The trial court
also indicated that if counsel intended to object to evidence of the prior
theft convictions, that he would have to do so before the jury.

State=s
Exhibit No. 17 is the indictment, plea, and judgment from the 2004
conviction.  This exhibit was introduced
through a fingerprint expert who compared Cameron=s
fingerprints with those on the 2004 conviction and testified that they were
from the same individual.  The State=s witness indicated that the 2004 and
1998 convictions were for theft, but did not elaborate on either conviction or
otherwise refer to Cameron=s
prior criminal history.  It would have
been impossible for counsel to object to Exhibit No. 17 without alerting the
jury to the fact that it referenced several other theft convictions.  Trial counsel could have reasonably
determined that such an objection would have done more harm than good.  We cannot, therefore, say based upon the
record before us that trial counsel engaged in an inappropriate trial
strategy.  

Cameron next argues that trial counsel should have
objected to the tape from Officer Brown=s
car because comments such as AI=ll take the case@
and AI=ll be the scapegoat@ are not admissions.  We disagree. 


Further, Cameron argues that trial counsel should
have objected to the State=s
closing argument because the prosecution urged the jury to consider Cameron=s statements in Officer Brown=s car and his prior criminal
record.  Because these matters were
properly introduced into evidence, we cannot conclude that the State engaged in
improper argument and, therefore, cannot conclude that trial counsel was
constitutionally ineffective for not objecting. 
Issue five is overruled. 

The judgment of the trial court is affirmed.

 

 

RICK STRANGE

JUSTICE

 

September 6, 2007

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., 

McCall,
J., and Strange, J.