NUMBERS 13-07-023-CR & 13-07-024-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


ERNEST FLING, JR., Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 28th District Court of Nueces County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Benavides


Memorandum Opinion by Justice Yañez
 

 A jury found appellant, Ernest Fling, Jr., guilty of burglary of a habitation with
commission of an assault (1) and burglary of a habitation with intent to commit retaliation. (2) 
The trial court sentenced him to twenty years' imprisonment for each offense, to be served 
concurrently. In a single issue, appellant complains that he received ineffective assistance
of counsel. We affirm. 

Background

 Appellant and the complainant, Rosalie Till, started dating in July 2005. Till lived
with her ailing father. According to Till, around October 2005, she began to distance
herself from appellant because he became controlling and abusive. On February 18, 2006,
Till called the police and reported that appellant had entered her home without permission, 
dragged her outside, and kicked her in a struggle to force her into his truck. Till testified
that ten days later, on February, 28, 2006, she was awakened by the sound of the back
door closing. She called 911 and officers responded. The officers searched the outside
of the house and discovered appellant's truck in a nearby field. While the officers were
outside, Till testified that she waited in the house, and that appellant appeared, put his
hand on her throat, and threatened to hurt her and her father if she revealed his presence. 
According to Till, appellant instructed her to tell the officers he had left. Instead, Till told
the officers that appellant was inside the house, hiding in her bedroom closet. The officers
entered the home and arrested appellant. The sole issue at trial was whether appellant
had entered the home on both occasions without Till's consent. Appellant testified that he
had Till's permission to enter the home on both occasions. Clearly, the jury rejected
appellant's version of events. 

 Following his conviction, appellant's counsel filed a motion for new trial in each
cause, in which he alleged, among other things, (1) jury misconduct, (2) that the State
failed to disclose certain tape recordings allegedly provided by Till to the police, and (3)
that the State failed to disclose "impeaching evidence," including Till's records concerning
her treatment for mental illness and her prior convictions. Neither motion alleged that
appellant was denied effective assistance of counsel. 

 Appellant alleges his trial counsel was ineffective because he failed to: (1)
adequately pursue a strategy of impeaching Till's testimony concerning her relationship
with appellant, her mental health, and various other matters ; (2) adequately question jurors
during voir dire; (3) make an opening statement and properly object to certain hearsay
testimony; and (4) pursue his motion for new trial. Appellant contends he was prejudiced
by his counsel's deficient performance because his conviction rested "almost entirely" on
Till's testimony. Standard of Review and Applicable Law 

 Strickland v. Washington, (3) sets forth the standard of review for effectiveness of
counsel. (4) Strickland requires a two-part inquiry. (5) The defendant must first show that
counsel's performance was deficient, in that it fell below an objective standard of
reasonableness. (6) Second, the defendant must further prove there is a reasonable
probability that but for counsel's deficient performance, the result of the proceeding would
have been different. (7) A reasonable probability is a probability sufficient to undermine
confidence in the outcome. (8) 

 The determination regarding whether a defendant received effective assistance of
counsel must be made according to the facts of each case. (9) An appellate court looks to
the totality of the representation and the particular circumstances of the case in evaluating
counsel's effectiveness. (10) 

 The appellant bears the burden of proving by a preponderance of the evidence that
counsel was ineffective. (11) There is a strong presumption that counsel's conduct fell within
the wide range of reasonable professional assistance. (12) An allegation of ineffective
assistance must be firmly founded in the record, and the record must affirmatively
demonstrate the alleged ineffectiveness. (13) Normally, trial counsel should be afforded an
opportunity to explain his or her actions "before being condemned as unprofessional and
incompetent." (14)

 Generally, the record on direct appeal is not sufficient to show trial counsel's tactical
or strategic reasons for his trial decisions; thus it is usually insufficient to overcome the
presumption of reasonable and professional conduct. (15) It is incumbent on appellant to
present a record on appeal that shows a lack of plausible trial strategy. (16) In the face of a
record silent as to counsel's strategy, the appellate court should not speculate about
counsel's tactics or reasons for taking or not taking certain actions. (17)

Analysis 

 Here, the record is insufficient to support appellant's contentions. First, the record
is silent on the reasoning behind counsel's pre-trial investigation methods and his actions
during trial. In the face of a silent record, we do not speculate on the reasons for trial
counsel's decisions. (18) Secondly, appellant complains that counsel was deficient by failing to obtain a
hearing on his motion for new trial. No hearing was held on appellant's motion. The
motion for new trial, however, did not allege ineffective assistance, and counsel had no
opportunity to explain any trial strategy upon which his decisions may have been based. 
Because there is no record to show trial counsel's reasons for acting or failing to act in the
manner challenged, appellant has failed to establish that his counsel's assistance was
ineffective. (19) 

 Moreover, appellant asserts, without argument, explanation, or citation to authority,
that "but for trial counsel's deficient representation, there is a reasonable probability that
the outcome of the case would have been different." Appellant has failed to explain why
the purported failures by trial counsel would have caused a different result. We conclude
that appellant has not established the second prong of Strickland because he has failed
to show in reasonable probability that, but for counsel's errors, the result of the proceeding
would have been different. (20) 

We conclude appellant has failed to present a sufficient record to rebut the
presumption of reasonable and professional conduct by trial counsel. (21) We overrule
appellant's sole issue. 

Conclusion

 We affirm the trial court's judgments. 



 


 

 LINDA REYNA YAÑEZ,

 Justice 
 
 


 
Do not publish. Tex. R. App. P. 47.2(b). 

 
Memorandum Opinion delivered and 
filed this the 14th day of August, 2008. 
1. Tex. Penal Code Ann. § 30.02(a)(3) (Vernon 2003).
2. See id. § 30.02(a)(1). The charges arose out of two separate incidents. The conviction for burglary
with commission of an assault (trial court cause number 06-CR-0687-A and appellate cause number 13-07-024-CR) arose out of an incident that occurred on February 18, 2006. The conviction for burglary with intent
to commit retaliation (trial court cause number 06-CR-686-A and appellate cause number 13-07-023-CR)
arose out of an incident ten days later, on February 28, 2006. Both indictments contained repeat felony
offender enhancements. See Tex. Penal Code Ann. § 12.42(b), (c)(1) (Vernon Supp. 2007). Because the
recent amendments to section 12.42 are immaterial, we cite to the current version of the statute. 
3. Strickland v. Washington, 466 U.S. 668, 687 (1984).
4. See Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).
5. Id. 
6. Id.
7. Id.
8. Id.
9. Id. at 813.
10. Id.
11. Id.
12. Id.
13. Id. at 814.
14. Bone v. State, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002).
15. Id. at 833.
16. See Jackson v. State, 877 S.W.2d 768, 771-72 (Tex. Crim. App. 1994).
17. See Bone, 77 S.W.3d at 833-35.
18. See Jackson, 877 S.W.2d at 771-72 (stating that a silent record does not require an appellate

court to speculate on the reasons for trial counsel's decisions).
19. See id. 
20. See Strickland, 466 U.S. at 694; Thompson, 9 S.W.3d at 812.
21. See Scheanette v. State, 144 S.W.3d 503, 510 (Tex. Crim. App. 2004) (rejecting ineffective
assistance claim for insufficient record).