# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00710-CR

**Charles Bishop, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT
### NO. D-1-DC-08-203263, HONORABLE DONALD LEONARD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant Charles Bishop is appealing his conviction for the offense of unauthorized use of a motor vehicle. On March 27, 2009, this Court notified Bishop's appointed counsel that his brief was overdue and that if we did not receive a satisfactory response from counsel on or before April 6, a hearing before the district court pursuant to Tex. R. App. P. 38.8(b) would be ordered. The deadline passed and we received no response or brief from counsel.

Subsequently, Bishop filed a pro se motion to dismiss his appointed counsel. In the motion, Bishop complained about various aspects of counsel's representation. We overruled the motion but abated the appeal so that the district court could conduct a hearing pursuant to Tex. R. App. P. 38.8(b) to determine whether Bishop was indigent, whether he still wished to prosecute his appeal, and whether counsel had abandoned the appeal. *See* Tex. R. App. P. 38.8(b)(2), (3).

The hearing was held on June 19, 2009. At the hearing, the district court determined that Bishop was indigent, that he still wished to prosecute his appeal, and that counsel had not abandoned the appeal. The district court stated on the record that it "intends to leave [counsel] on Mr. Bishop's case regardless of Mr. Bishop's differences with [counsel]," "as the Court does not find any grounds to remove appellant's counsel." Counsel then represented to the district court that he would be filing with this Court a motion for extension of time to file his brief. At the conclusion of the hearing, the district court found that counsel "is continuing to represent the defendant on this appeal and is going to pursue the appeal once permission is granted from the Third Court for the extension of time to file the brief."

On July 30, 2009, after the appeal had been reinstated, this Court received from Bishop a pro se motion for rehearing on his previous motion to dismiss appointed counsel. Because a determination had been made by the district court that counsel had not abandoned the appeal and that Bishop was still represented by counsel, the pro se motion was marked "received not filed," and this Court did not rule on the motion. *See Scheanette v. State*, 144 S.W.3d 503, 505 n.2 (Tex. Crim. App. 2004) (no right to hybrid representation).

Counsel's brief was due in this Court on August 7, 2009. As of that date, no brief had been filed. On August 21, 2009, we again sent notice to counsel that his brief was overdue and that if we did not receive a satisfactory response from counsel on or before August 31, 2009, a hearing before the trial court pursuant to Tex. R. App. P. 38.8(b) would be ordered. The deadline passed and we received no response or brief from counsel.

On October 12, 2009, counsel filed his motion for extension of time to file appellant's brief and a "request for a hearing" on Bishop's motion for rehearing. In counsel's motion, he requests an extension of time to file his brief or, in the alternative, "to be released from the appeal without fault, and allow the Appellant to proceed pro se." Counsel believes that this "might be [Bishop's] intent," based on "conflicting messages" that he has received from his client. Counsel represents that he received a letter from Bishop dated August 21 in which, according to counsel, Bishop contradicts his desire to dismiss counsel and "in fact directs Appellate Counsel to file a brief and further directs that the brief contain specific points of error." "At this point," counsel continues, he became "befuddled" and "awaited guidance" from this Court.[1] Counsel further represents that he recently received notice from the State Bar that Bishop has filed a grievance against him alleging that counsel is engaged in a conspiracy to deprive Bishop of due process by "sabotaging [Bishop's] appeal."

On October 15, 2009, Bishop filed a petition for writ of mandamus with this Court.[2] In the petition, Bishop alleges that the district court denied him his "constitutional 14th Amendment right to represent himself on appeal." According to Bishop, he "clearly and unequivocally asserted his right to represent himself on his first direct appeal," and the district court, by appointing counsel to represent him, denied Bishop that right.

---

[1] We note that counsel did not contact this Court in any manner about this appeal until September 22, 2009, when he called this Court and left a voice-mail message about his overdue brief. Then, on September 28, he called again and informed this Court that he would be filing a motion for extension of time to file his brief. This is the first motion counsel has filed in this appeal.

[2] The petition was assigned cause number 03-09-00607-CV.

3

Contrary to Bishop's assertion, there is no federal constitutional right to self-representation on appeal. *See Martinez v. Court of Appeal*, 528 U.S. 152, 159-60 (2000). However, courts may, in their discretion, allow a defendant to proceed pro se on appeal. *See id*. at 163.

We overrule counsel's motion for extension of time and request for a hearing on Bishop's motion for rehearing on his motion to dismiss counsel. Instead, the appeal is abated and the cause is remanded to the district court. Upon remand, the district court shall promptly conduct a hearing and determine whether Bishop wishes to proceed pro se. Bishop shall be admonished of the disadvantages of self-representation and evidence shall be developed as to whether his decision to relinquish the benefits of counsel is knowingly and voluntarily made. *See Faretta v. California*, 422 U.S. 806, 835 (1975). If Bishop persists in his request to dismiss counsel, the district court may allow counsel to withdraw from the cause and make available to appellant a copy of the appellate record. Bishop will then have thirty days from the date of the hearing to file a pro se brief with the clerk of this Court.[3]

However, if the district court decides not to allow counsel to withdraw, counsel is ORDERED to file his brief no later than thirty days from the date of the hearing. No further extensions will be granted. If counsel fails to file a brief by the deadline, a show cause hearing may be ordered. *See* Tex. R. App. P. 38.8(b)(4).

---

[3] We note that, although the briefing rules are to be construed liberally, *see* Tex. R. App. P. 38.9, pro se appellants are held to the same standards as licensed attorneys and are required to comply with applicable laws and rules of procedure. *See Perez v. State*, 261 S.W.3d 760, 763 n.2 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd); *see also* Tex. R. App. P. 38.1 (describing what appellant's brief must contain).

Following the hearing, the district court should order the appropriate supplementary clerk's and reporter's records to be prepared and forwarded to this Court no later than March 1, 2010.

Before Chief Justice Jones, Justices Pemberton and Waldrop

Abated

Filed: January 29, 2010

Do Not Publish