Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


★   ★   ★      ★   ★   ★

# MEMORANDUM OPINION

No. 04-12-00303-CR

**IN RE** Donald Ray **MCINTOSH,** Relator

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:        Karen Angelini, Justice
Phylis J. Speedlin, Justice
Rebecca Simmons, Justice

Delivered and Filed:  June 13, 2012

PETITION FOR WRIT OF MANDAMUS DENIED

On May 16, 2011, Relator Donald Ray McIntosh filed a petition for writ of mandamus, complaining of the trial court's denial of his constitutional speedy trial, motion for self-representation, habeas relief for an unreasonable bond, and the trial court judge refusal to recuse himself upon Relator's request.

To obtain mandamus relief in a criminal matter, the relator must establish the act sought to be compelled is ministerial rather than discretionary in nature, and there is no other adequate remedy at law. *Dickens v. Second Court of Appeals*, 727 S.W.2d 542, 548 (Tex. Crim. App. 1987). Although a trial court has the discretion to permit hybrid representation, it is not required to do so. *See Scarbrough v. State*, 777 S.W.2d 83, 92 (Tex. Crim. App. 1989); *Landers v. State*,

---

[1] This proceeding arises out of Cause No. 348071; 348072, styled *State of Texas v. Donald Ray McIntosh*, pending in the County Court at Law No. 11, Bexar County, Texas, the Honorable Carlo Key presiding.

550 S.W.2d 272, 280 (Tex. Crim. App. 1977). It is well-established that a defendant in a criminal matter does not have a right to hybrid representation. *Scheanette v. State*, 144 S.W.3d 503, 505 n. 2 (Tex. Crim. App. 2004). Accordingly, the act McIntosh seeks to compel is discretionary, not ministerial, in nature and we, therefore, deny McIntosh relief with regard to his motion for self-representation. *See* TEX. R. APP. P. 52.8(a).

With regard to the remaining allegations in McIntosh's petition, a trial court has no legal duty to rule on pro se motions or petitions filed with regard to a criminal proceeding in which the defendant is represented by counsel. *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007). Consequently, the trial court did not abuse its discretion by declining to rule on McIntosh's pro se motions. TEX. R. APP. P. 52.8(a).

Accordingly, Relator's petition for writ of mandamus is denied.


PER CURIAM

DO NOT PUBLISH