IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00069-CR

 

Charles Hurt,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 278th District Court

Walker County, Texas

Trial Court No. 22841

 



MEMORANDUM  Opinion



 

            Appellant was
convicted by a jury of the felony offense of failure to verify sex offender
registration.  The jury assessed his punishment at confinement in the
institutional division for a period of 10 years and assessed a fine of $5,000. 
He appealed.

            Appellant had
two prior convictions for indecency with a child.  Due to this fact, he was
subject to the sex offender registration laws, which included a requirement
that he verify his address every 90 days.  Appellant failed to verify his
address by October 31, 2004 as required.  At the time of his arrest in
February, 2005, he still had not complied.  The sufficiency of the evidence is
not challenged.

            Appellant’s sole
issue on appeal is that his attorney failed to provide him with effective
assistance at trial.  The crux of appellant’s complaint is that his attorney
failed to object to a damaging series of questions asked appellant on
cross-examination.  The questions established that the average sex offender has
150 victims during his lifetime and that appellant admitted to his therapist
that he had victimized 20 children.  Additionally, appellant complains of
“numerous [other] errors and antics of defense counsel” which established that
he was “inept and ineffective.”

            Ineffective
assistance claims are reviewed through the two-part prism set forth by the
Supreme Court in Strickland v. Washington.  Appellant must show both 1)
that his attorney’s performance was deficient and 2) that he was harmed by the
deficiency.  466 U.S. 688, 104 S.Ct. 2052, 80 L.E.2d 674 (1984); Hernandez
v. State, 726 S.W.2d 53 (Tex. Crim. App. 1986).  The reviewing court must
begin its review with a strong presumption that trial counsel’s actions fell
within a wide range of reasonable conduct.  Scheanette v. State, 144 S.W.3d
503, 509 (Tex. Crim. App. 2004); Bone v. State, 77 S.W.3d 828,
833 (Tex. Crim. App. 2002).  The review must focus on the “totality of
representation,” not isolated acts or omissions of counsel.  Wilkerson v.
State, 726 S.W.2d 542, 548 (Tex. Crim. App. 1986).  Normally, the record on
direct appeal is insufficient to establish that the representation was so
lacking as to overcome the strong presumption that counsel’s conduct was
reasonable.  Goodspeed v. State, 187 S.W.3d 390, 392 (Tex. Crim. App.
2005).

            Appellant’s
primary contention concerns his attorney’s failure to object during the
following exchange which occurred when appellant was on the stand.

                        Prosecutor:    And really what
you’re saying and the reason we want

                                                sex
offenders registered – and don’t let me put words in

                                                your
mouth, but it’s based on the research by Kercher

                                                and Long
that the average sex offender has a hundred

                                                fifty
[victims] in their lifetime?

 

                        Hurt:               Some type of
sex offenders.

 

                        Prosecutor:    …We are not
saying that you’re the average sex offender.

                                                And just
to be fair you haven’t molested a hundred fifty

                                                children,
right?

 

                        Hurt:               That’s
correct.

 

                        Prosecutor:    You only admitted
to twenty?

 

                        Hurt:               I don’t know
that I have admitted to twenty.

 

                        Prosecutor:    Okay.  Well, do
you remember telling your therapist

                                                that in
your – 

                        

                        Hurt:               I may have. 
I may have said that, yes.

 

The evidence that appellant
had told his therapist that he had molested 20 children was inadmissible.  It
was a significant error for his attorney not to contemporaneously object.  Even
considering the attorney’s representation of appellant as a whole, it is the
type of failure to object that, without more, could render his entire
performance deficient under Strickland.   There is, however,
considerably more in the record.

            While appellant
was still on the stand, his attorney asked for and received a bench conference outside
the presence of the jury.  The attorney brought up the exchange concerning the
20 victims.  He acknowledged his failure to timely object and stated:

            I had to make a calculated decision as to
whether I should object

            at that point and emphasize that business of
him sexually abusing 

            twenty children.  I decided as a tactical
matter just to let that go at

            this point.  But now I think I need to raise
the issue. 

 

The prosecutor then
attempted to justify his questions claiming that appellant had “opened the
door,” an argument that neither the trial court nor the record supports.[1]

            Appellant’s
attorney then raised the issue that the jury be instructed to disregard.  After
the trial court agreed to do so, the subject of a mistrial was raised by the
defense attorney:

                        We don’t want a mistrial, but
I’m going to ask for one because it’s

                        so prejudicial, Your Honor, that
- - can I consult with my client just

                        a minute?

 

                        THE COURT:                        Yes.

 

                                                            (short
pause)

 

                        DEFENSE ATTORNEY:      Your
Honor, my client and I agreed.  We

                        are not going to make a motion
for mistrial.  I don’t know whether you

                        will grant  it, but he wants to
conclude with this trial.

 

The jury then returned to the
courtroom, the judge instructed them to disregard the testimony of “twenty
other offenses,” and the examination of appellant continued.

            Appellant has
presented this as a simple failure to object to extraneous offenses.  The
record, however, shows a more complex situation.  The defense attorney failed
to make a contemporaneous objection.  He explained that failure as not wanting
to emphasize the testimony further.  However, while his client was still on the
stand, he discussed the issue with the court outside of the jury’s presence. 
He obtained an instruction to disregard.  He then began to ask for a mistrial. 
As he was doing so, he conferred with his client.  There then appears an
affirmative decision not to request a mistrial—a decision that was evidently
joined in by the appellant.

            A trial attorney
is required to make quick decisions as to whether to object at trial.  Here
trial counsel failed to make a contemporaneous objection to inadmissible
testimony.  He explained it as not wanting to emphasize the testimony further
before the jury.  While his client was still on the stand, he changed his
mind.  He successfully requested an instruction to disregard the testimony.  He
then proceeded to ask for a mistrial but then both he and appellant decided to go
forward with the jury they had.  Attorneys—both winning and losing, prosecutors
and defenders—make such mistakes.  They also make tactical decisions.  Given
the entire context of the evidence and in light of the instruction to disregard
and the tactical decision not to seek a mistrial, we conclude that this is not
conduct which satisfies the first prong of the Strickland test.

            Appellant also
complains of “numerous [other] errors and antics of defense counsel” which
established that he was “inept and ineffective.”  This complaint lists numerous
supposed errors, but they basically fall within three broad categories: 1)
constant interruptions with specious objections; 2) “speaking” objections that
caused the trial court to admonish him; and 3) not objecting as “cumulative and
inflammatory” to three separate questions involving the appellant’s prior
convictions.

            None of these
“errors and antics” even remotely approaches deficient performance by trial
counsel.  During direct examination of the state’s sole witness, defense
counsel objected to 11 questions and two exhibits.  All of the objections
involved how far the police officer witness could go in testifying about the
law and how much he could rely on business records.  Two of the objections—one
for hearsay, one for offering an improper expert opinion—were sustained.  All
of the objections were within the realm of what a reasonable defense attorney
would object to.  Similarly, while some of the objections were wordy, they were
on point and well within what typically transpires in a trial.  Finally,
appellant’s prior convictions were in the indictment and an integral part of
the state’s proof.  The three questions asked appellant on cross-examination
vaguely alluded to his prior convictions in connection with questioning him
about his failure to report.  They were necessary to the point being made on
cross-examination and, therefore, were not “cumulative.”

            Appellant has
invited this court to examine the entire transcript to see “the incredible
nature of this trial.”  That examination has occurred.  Trial counsel was
presented with an overwhelming case of guilt against his client.  He further
had a client who chose to plead not guilty and to testify.  During his
testimony, he admitted to the elements of the offense on four separate
occasions.  There is little any attorney could do given these facts.  Trial
counsel made an acceptable voir dire, exercised his peremptory strikes, and made
a cogent opening statement and final argument.  His theme of “substantial
compliance,” while not a legal defense, fit the facts of the case and gave him
something to argue.  In short, he was in a hopeless situation but nonetheless
made a reasonable effort at presenting a defense.  That is what was required of
him and that was what he did.

            Trial counsel’s
sole mistake was his failure to timely object to the “twenty victim”
testimony.  His delayed objection did result in an instruction to disregard and
ultimately a decision, joined by his client, not to seek further relief. 
Perhaps counsel was deficient in other ways, but they are not shown in this
record.  Such deficiencies will need to be developed at a writ of habeas corpus
hearing.  Based on the record before us, we cannot say that counsel’s
representation fell below the level constitutionally required.

CONCLUSION

            Having overruled
appellant’s sole ground of error, the judgment of the trial court is affirmed.

 

                                                                                                KEN
ANDERSON

                                                                                                District
Judge

 

 

Before
Justice Vance,

            Justice
Reyna,

            and
Judge Anderson[2]

Affirmed

Opinion
delivered and filed September 24, 2008

Do
not publish

[CR25]








 









[1]   The state has inexplicably failed to file a
brief in this case.  After their brief’s due date passed, this court informed
them of that fact by a letter to which no response was received.





[2]   Hon. Ken Anderson, Judge of the 277th District Court of Williamson County, sitting by assignment of the Chief Justice of the
Texas Supreme Court pursuant to section 74.003(h) of the Government Code.