

# IN THE
# TENTH COURT OF APPEALS

## No. 10-06-00069-CR

**CHARLES HURT,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

From the 278th District Court
Walker County, Texas
Trial Court No. 22841

## MEMORANDUM OPINION

Appellant was convicted by a jury of the felony offense of failure to verify sex offender registration. The jury assessed his punishment at confinement in the institutional division for a period of 10 years and assessed a fine of $5,000. He appealed.

Appellant had two prior convictions for indecency with a child. Due to this fact, he was subject to the sex offender registration laws, which included a requirement that he verify his address every 90 days. Appellant failed to verify his address by October 31,

2004 as required. At the time of his arrest in February, 2005, he still had not complied. The sufficiency of the evidence is not challenged.

Appellant's sole issue on appeal is that his attorney failed to provide him with effective assistance at trial. The crux of appellant's complaint is that his attorney failed to object to a damaging series of questions asked appellant on cross-examination. The questions established that the average sex offender has 150 victims during his lifetime and that appellant admitted to his therapist that he had victimized 20 children. Additionally, appellant complains of "numerous [other] errors and antics of defense counsel" which established that he was "inept and ineffective."

Ineffective assistance claims are reviewed through the two-part prism set forth by the Supreme Court in *Strickland v. Washington.* Appellant must show both 1) that his attorney's performance was deficient and 2) that he was harmed by the deficiency. 466 U.S. 688, 104 S.Ct. 2052, 80 L.E.2d 674 (1984); *Hernandez v. State,* 726 S.W.2d 53 (Tex. Crim. App. 1986). The reviewing court must begin its review with a strong presumption that trial counsel's actions fell within a wide range of reasonable conduct. *Scheanette v. State*, 144 S.W.3d 503, 509 (Tex. Crim. App. 2004); *Bone v. State,* 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). The review must focus on the "totality of representation," not isolated acts or omissions of counsel. *Wilkerson v. State*, 726 S.W.2d 542, 548 (Tex. Crim. App. 1986). Normally, the record on direct appeal is insufficient to establish that the representation was so lacking as to overcome the strong presumption that counsel's conduct was reasonable. *Goodspeed v. State,* 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

Appellant's primary contention concerns his attorney's failure to object during the following exchange which occurred when appellant was on the stand.

> Prosecutor: And really what you're saying and the reason we want sex offenders registered – and don't let me put words in your mouth, but it's based on the research by Kercher and Long that the average sex offender has a hundred fifty [victims] in their lifetime?
>
> Hurt: Some type of sex offenders.
>
> Prosecutor: …We are not saying that you're the average sex offender. And just to be fair you haven't molested a hundred fifty children, right?
>
> Hurt: That's correct.
>
> Prosecutor: You only admitted to twenty?
>
> Hurt: I don't know that I have admitted to twenty.
>
> Prosecutor: Okay. Well, do you remember telling your therapist that in your –
>
> Hurt: I may have. I may have said that, yes.

The evidence that appellant had told his therapist that he had molested 20 children was inadmissible. It was a significant error for his attorney not to contemporaneously object. Even considering the attorney's representation of appellant as a whole, it is the type of failure to object that, without more, could render his entire performance deficient under *Strickland.* There is, however, considerably more in the record.

While appellant was still on the stand, his attorney asked for and received a bench conference outside the presence of the jury. The attorney brought up the exchange concerning the 20 victims. He acknowledged his failure to timely object and stated:

> I had to make a calculated decision as to whether I should object at that point and emphasize that business of him sexually abusing twenty children. I decided as a tactical matter just to let that go at this point. But now I think I need to raise the issue.

The prosecutor then attempted to justify his questions claiming that appellant had "opened the door," an argument that neither the trial court nor the record supports.[1]

Appellant's attorney then raised the issue that the jury be instructed to disregard. After the trial court agreed to do so, the subject of a mistrial was raised by the defense attorney:

> We don't want a mistrial, but I'm going to ask for one because it's so prejudicial, Your Honor, that - - can I consult with my client just a minute?
>
> THE COURT:        Yes.
>
> (short pause)
>
> DEFENSE ATTORNEY:      Your Honor, my client and I agreed. We are not going to make a motion for mistrial. I don't know whether you will grant it, but he wants to conclude with this trial.

The jury then returned to the courtroom, the judge instructed them to disregard the testimony of "twenty other offenses," and the examination of appellant continued.

Appellant has presented this as a simple failure to object to extraneous offenses. The record, however, shows a more complex situation. The defense attorney failed to make a contemporaneous objection. He explained that failure as not wanting to emphasize the testimony further. However, while his client was still on the stand, he discussed the issue with the court outside of the jury's presence. He obtained an

---

[1]  The state has inexplicably failed to file a brief in this case. After their brief's due date passed, this court informed them of that fact by a letter to which no response was received.

instruction to disregard. He then began to ask for a mistrial. As he was doing so, he conferred with his client. There then appears an affirmative decision not to request a mistrial—a decision that was evidently joined in by the appellant.

A trial attorney is required to make quick decisions as to whether to object at trial. Here trial counsel failed to make a contemporaneous objection to inadmissible testimony. He explained it as not wanting to emphasize the testimony further before the jury. While his client was still on the stand, he changed his mind. He successfully requested an instruction to disregard the testimony. He then proceeded to ask for a mistrial but then both he and appellant decided to go forward with the jury they had. Attorneys—both winning and losing, prosecutors and defenders—make such mistakes. They also make tactical decisions. Given the entire context of the evidence and in light of the instruction to disregard and the tactical decision not to seek a mistrial, we conclude that this is not conduct which satisfies the first prong of the *Strickland* test.

Appellant also complains of "numerous [other] errors and antics of defense counsel" which established that he was "inept and ineffective." This complaint lists numerous supposed errors, but they basically fall within three broad categories: 1) constant interruptions with specious objections; 2) "speaking" objections that caused the trial court to admonish him; and 3) not objecting as "cumulative and inflammatory" to three separate questions involving the appellant's prior convictions.

None of these "errors and antics" even remotely approaches deficient performance by trial counsel. During direct examination of the state's sole witness, defense counsel objected to 11 questions and two exhibits. All of the objections involved how far the police

officer witness could go in testifying about the law and how much he could rely on business records. Two of the objections—one for hearsay, one for offering an improper expert opinion—were sustained. All of the objections were within the realm of what a reasonable defense attorney would object to. Similarly, while some of the objections were wordy, they were on point and well within what typically transpires in a trial. Finally, appellant's prior convictions were in the indictment and an integral part of the state's proof. The three questions asked appellant on cross-examination vaguely alluded to his prior convictions in connection with questioning him about his failure to report. They were necessary to the point being made on cross-examination and, therefore, were not "cumulative."

Appellant has invited this court to examine the entire transcript to see "the incredible nature of this trial." That examination has occurred. Trial counsel was presented with an overwhelming case of guilt against his client. He further had a client who chose to plead not guilty and to testify. During his testimony, he admitted to the elements of the offense on four separate occasions. There is little any attorney could do given these facts. Trial counsel made an acceptable voir dire, exercised his peremptory strikes, and made a cogent opening statement and final argument. His theme of "substantial compliance," while not a legal defense, fit the facts of the case and gave him something to argue. In short, he was in a hopeless situation but nonetheless made a reasonable effort at presenting a defense. That is what was required of him and that was what he did.

Trial counsel's sole mistake was his failure to timely object to the "twenty victim" testimony.  His delayed objection did result in an instruction to disregard and ultimately a decision, joined by his client, not to seek further relief.  Perhaps counsel was deficient in other ways, but they are not shown in this record.  Such deficiencies will need to be developed at a writ of habeas corpus hearing.  Based on the record before us, we cannot say that counsel's representation fell below the level constitutionally required.

**CONCLUSION**

Having overruled appellant's sole ground of error, the judgment of the trial court is affirmed.


KEN ANDERSON
District Judge


Before Justice Vance,
      Justice Reyna,
      and Judge Anderson[2]
Affirmed
Opinion delivered and filed September 24, 2008
Do not publish
[CR25]

---

[2]  Hon. Ken Anderson, Judge of the 277th District Court of Williamson County, sitting by assignment of the Chief Justice of the Texas Supreme Court pursuant to section 74.003(h) of the Government Code.