# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00050-CR

**Roberto Herminio Gonzalez, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT
### NO. CR 22,266, HONORABLE ED MAGRE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Roberto Herminio Gonzalez was convicted by a jury of burglary of a habitation. *See* Tex. Penal Code Ann. 30.02(a)(3) (West 2011). The trial court sentenced him to fifteen years' imprisonment. In his sole issue on appeal, Gonzalez asserts that he received ineffective assistance of counsel because his counsel failed to move to suppress evidence obtained pursuant to an inventory search of his vehicle. We affirm the judgment of the trial court.

## BACKGROUND

On the morning of August 1, 2008, Gonzalez approached the groundskeeper of an apartment complex and asked him if he would "say anything" if Gonzalez burglarized an apartment.[1] The groundskeeper knew Gonzalez and told him that he would not object to the theft. Gonzalez

---

[1] The facts recited herein are taken from testimony and exhibits admitted at trial.

proceeded to park his SUV in front of an apartment, break through the front door, and load items from the apartment into his SUV.

After Gonzalez left, the groundskeeper immediately informed the apartment manager of the burglary, and the apartment manager called 9-1-1. A police officer with the Rockdale Police Department was dispatched to the apartment complex. Upon arrival, the officer secured the scene and contacted the lessee of the apartment to inform her of the break-in. The lessee arrived at the scene within the hour, and the officer and lessee proceeded to search the apartment and determined that two televisions, several pieces of jewelry, and a stereo system had been stolen. The officer then spoke to the groundskeeper, who identified Gonzalez as the burglar and stated that Gonzalez was driving a dark-colored Ford Explorer SUV with Florida license plates.

Upon finishing her initial investigation of the crime scene, the officer attempted to locate Gonzalez. The officer received a tip that Gonzalez was staying with Tammy Smith, and she proceeded to Smith's home. The officer noticed that an SUV matching the description of the vehicle used in the burglary was parked in front of Smith's home. When the officer knocked on the front door, Smith invited her in, and the officer discovered Gonzalez sitting in the living room.

The officer asked Smith's permission to search her home for evidence relating to the burglary. Smith consented to the search, but the officer did not find any evidence in the home. However, Smith's daughter told the officer that she had seen Gonzalez with a pillowcase full of jewelry earlier that morning. Next, the officer performed a cursory search of the SUV, in which she "looked for things in plain view" that matched the description of the stolen property. The officer

2

noticed a box filled with sink faucets, but no other evidence relating to the burglary.[2] Finally, the officer, with Gonzalez's consent, searched Gonzalez's storage shed, and again found no evidence relating to the burglary. During her conversations with Gonzalez and Smith, the officer learned that Gonzalez intended to return to Florida in the near future.

The officer returned to the police station and informed the chief of police about her investigation up to that point. The chief of police decided to arrest Gonzalez based on the groundskeeper's eyewitness statement, as well as Gonzalez's imminent departure to Florida. The chief of police and the officer returned to Smith's home, arrested Gonzalez, and placed him in the back of their police car. The chief of police asked Smith if she would prefer to be responsible for Gonzalez's SUV or have it towed off the property. Smith stated that she did not want to be responsible for the SUV, and the officer called for a tow truck. Before the vehicle was towed, the officer performed an inventory search of the SUV pursuant to departmental policy. During the inventory search, the officer discovered a sock in the compartment where a wheel jack would normally be. After removing the sock from the compartment, the officer found that the sock contained several pieces of jewelry. This jewelry was later identified as property that was stolen from the apartment.

Gonzalez was subsequently indicted for burglary of a habitation. *See* Tex. Penal Code Ann. § 30.02. The trial lasted one day. The State called six witnesses, including the investigating

---

[2] It would later be determined that these faucets were stolen from the apartment. However, the officer did not know that faucets had been stolen at the time she conducted this search. At trial, the officer testified that she requested Gonzalez's consent to search his SUV, but she did not say whether he gave consent.

3

officer, chief of police, and groundskeeper. Gonzalez was the only witness for his defense. The jury convicted Gonzalez of burglary of a habitation, and the trial court sentenced him to fifteen years' imprisonment. Gonzalez filed a motion for new trial, which was denied by operation of law. This appeal followed.

## DISCUSSION

In his sole issue on appeal, Gonzalez asserts that he received ineffective assistance of counsel because his counsel failed to move to suppress evidence obtained from the inventory search of his SUV. In order to prevail on an ineffective-assistance-of-counsel claim, Gonzalez must satisfy the two-prong test set out in *Strickland v. Washington*. 466 U.S. 668, 687 (1984); *see also Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986) (adopting *Strickland* standard for claims of ineffective assistance of counsel). Under *Strickland*, a defendant must show (1) that counsel's performance was deficient and (2) that the defendant was prejudiced by the deficient performance. 466 U.S. at 687.

Our review of counsel's performance must be highly deferential, and we presume that counsel makes all significant decisions in the exercise of reasonable judgment. *Id.* at 689. Counsel's performance is deficient when it falls "below an objective standard of reasonableness" based upon "prevailing professional norms." *Id.*; *see also Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010). Performance of counsel usually cannot be adequately examined based on the record from the trial court in a direct appeal; this type of record is best developed on a motion for new trial.[3]

---

[3] Gutierrez did not raise an ineffective-assistance-of-counsel claim in his motion for new trial.

4

*See Scheanette v. State*, 144 S.W.3d 503, 509–10 (Tex. Crim. App. 2004); *Jackson v. State*, 877 S.W.2d 768, 772 (Tex. Crim. App. 1994) (Baird, J., concurring). In the suppression of evidence context, a defendant must prove by a preponderance of the evidence that a motion to suppress would have been granted in order to show that counsel was deficient for failing to file such a motion. *Jackson v. State*, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998); *see also Hollis v. State*, 219 S.W.3d 446, 456 (Tex. App.—Austin 2007, no pet.).

Gonzalez asserts that a motion to suppress the evidence obtained from his SUV would have been granted by the trial court because the evidence was discovered during an unlawful inventory search, in violation of the Fourth Amendment. *See* U.S. Const. amend. IV; *see also* Tex. Code Crim. Proc. Ann. art. 38.23 (West 2005) (requiring the suppression of unlawfully obtained evidenced). Law enforcement may take inventory of the contents of a lawfully impounded vehicle without violating the Fourth Amendment, provided that the inventory is conducted pursuant to a reasonable, standardized police procedure that is administered in good faith. *South Dakota v. Opperman*, 428 U.S. 364, 375–76 (1976); *see also Colorado v. Bertine*, 479 U.S. 367, 374 (1987). In construing *Opperman*, the Texas Court of Criminal Appeals has held that when a driver of a vehicle is arrested, police may lawfully impound and inventory a vehicle if there are no alternatives other than impoundment available to insure the protection of the vehicle. *Delgado v. State*, 718 S.W.2d 718, 721 (Tex. Crim. App. 1986).

In this case, the record shows that the officer's inventory search of the SUV occurred after Gonzalez had been arrested. The SUV was parked on Smith's property, but Smith did not own the SUV and she told the officers that she did not want to be responsible for it. Given that there was

no one at the scene who was willing to take possession of the SUV, the trial court could reasonably have determined that impoundment of the SUV was necessary in order to protect the vehicle and its contents. *See id.* (noting that impoundment is necessary if no one is available to take possession of vehicle). Furthermore, there is no evidence in the record that the inventory search of the SUV was conducted in an unreasonable manner or administered in bad faith. *See Opperman*, 428 U.S. at 375–76. Therefore, Gonzalez has failed to prove by a preponderance of the evidence that the trial court would have granted a motion to suppress the evidence obtained from the SUV as the product of an unlawful inventory search.[4] *Id.*; *see also Jackson*, 973 S.W.2d at 957.

Given that Gonzalez has failed to show that a motion to suppress would have been granted, we cannot conclude that Gonzalez's counsel was deficient for failing file a motion to suppress. *See Jackson*, 973 S.W.2d at 957; *Hollis*, 219 S.W.3d at 456. Because we cannot conclude that Gonzalez's counsel's performance was deficient, we need not consider whether Gonzalez was prejudiced by his counsel's performance. *See Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001) ("[A]n appellant's failure to satisfy one prong of the *Strickland* test negates a court's need to

---

[4] Additionally, the trial court could have denied a motion to suppress the evidence obtained from Gonzalez's SUV based on the "automobile exception" to the Fourth Amendment's warrant requirement. *See Neal v. State*, 256 S.W.3d 264, 282 (Tex. Crim. App. 2008) (noting that police may search "every part of the vehicle and its contents that may conceal the object of the search" without warrant or exigent circumstances if police have probable cause to believe that vehicle contains evidence of crime) (internal quotations omitted). The officer in this case had information that a vehicle matching the SUV's description was used by Gonzalez to transport stolen property from the burglary. Furthermore, Smith's daughter told the officer that she had seen Gonzalez with a pillowcase full of jewelry the morning of the burglary. From this information, the trial court could reasonably have concluded that the officer had probable cause to believe that evidence relating to the burglary would be found in the SUV. *See id.* at 282–83 (noting that probable cause exists to search suspect's vehicle if it matches description of vehicle used in underlying crime).

6

consider the other prong.") (citing *Strickland*, 466 U.S. at 697).  Gonzalez's sole point of error is overruled.

## CONCLUSION

We affirm the trial court's judgment of conviction.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Pemberton and Henson

Affirmed

Filed:   July 6, 2012

Do Not Publish