**AFFIRM; Opinion issued January 17, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-11-01087-CR

**ORVIS WAYNE PORTER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 3
Dallas County, Texas
Trial Court Cause No. F10-24557-J**

## MEMORANDUM OPINION

Before Justices Francis, Murphy, and Evans[1]
Opinion By Justice Murphy

A jury found Orvis Wayne Porter guilty of unauthorized use of a motor vehicle, and the trial court assessed punishment, enhanced by two prior felony convictions, at ten years' imprisonment. Appellant claims in a single issue that he was denied a fair trial because of ineffective assistance of counsel. We affirm.

---

[1] The Honorable Joseph Morris, Retired Justice, was a member of the panel at the time this case was submitted for decision. Due to his retirement from this Court on December 31, 2012, he did not participate in deciding the case. He was replaced on the panel by Justice David Evans. *See* TEX. R. APP. P. 41.1(a).

# I.

Appellant was driving a Ford Explorer previously reported as missing when police tracked and stopped the vehicle. He pleaded not guilty to a state jail felony offense of unauthorized use of a vehicle, which was enhanced with two prior burglary convictions. TEX. PENAL CODE ANN. § 31.07 (West 2011).

The case was tried to a jury. After the State presented testimony from the owner of the vehicle, appellant requested that his plea be changed to guilty. The trial court instructed the jury to find appellant guilty.

Appellant also requested that the trial court assess punishment. At the punishment phase, appellant pleaded not true to the two enhancement paragraphs. He claimed that he "just wan[ted to] change" and "be a better man" for his family and his sick daughter. He admitted to having a drug problem for "about the last four or five years" and asked the trial court to sentence him to drug rehabilitation. The trial court assessed his punishment at ten years' incarceration.

Appellant argues he received ineffective assistance of counsel in this proceeding. He claims that he was never fully advised of the charges or the ramifications of the enhancement allegations, his trial counsel never discussed the case with him before trial, he and his attorney did not see "eye-to-eye," and his trial counsel failed to offer any mitigating evidence at the punishment phase of trial. Regarding the mitigating evidence, appellant asserts that he was a mental health patient and on psychiatric medication; he argues that had his trial counsel conducted an investigation, this evidence could have been discovered. He argues it is possible that his sentence would have been less had his trial counsel presented mitigating evidence of his mental illness to the trial court.

-2-

## II.

To prevail on an ineffective assistance of counsel claim, appellant must show by a preponderance of the evidence both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009). Appellant must demonstrate under the first prong that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 687-88; *Ex parte Lane*, 303 S.W.3d 702, 707 (Tex. Crim. App. 2009). To meet the second prong, appellant has to show the existence of a reasonable probability, sufficient to undermine confidence in the outcome, that but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694; *Ex parte Lane*, 303 S.W.3d at 707. A defendant's failure to satisfy one prong negates a court's need to consider the other prong. *Williams*, 301 S.W.3d at 687.

In determining whether appellant met his burden, we consider the totality of the representation and the particular circumstances of this case. *Ex parte Lane*, 303 S.W.3d at 707. We presume counsel's conduct fell within the wide range of reasonable professional assistance and do not judge counsel's actions in hindsight. *Strickland*, 466 U.S. at 689; *Ex parte Lane*, 303 S.W.3d at 707. The fact that another attorney might have pursued a different strategy at trial is not sufficient to prove counsel was ineffective. *Scheanette v. State*, 144 S.W.3d 503, 509 (Tex. Crim. App. 2004).

The record must demonstrate affirmatively the deficient performance appellant challenges. *See Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Without evidence of counsel's considerations, we will presume sound trial strategy. *See Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003).

-3-

## III.

The State argues the record is completely silent regarding counsel's reasons for the alleged deficiencies. We agree with the State: appellant has failed to bring us any record supporting his claim of ineffective assistance of counsel. The record is silent as to counsel's strategy or reasoning. In most cases, a silent record will not overcome the strong presumption of counsel's reasonable assistance. *See id.* at 110–11. A basic corollary is that counsel should be given the opportunity to explain any actions or inactions before being adjudged incompetent. *Id.* at 111. This has not occurred, and appellant has not shown that this case is one of those extraordinary situations in which the face of the record shows counsel's challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001) (citing *Thompson*, 9 S.W.3d at 814).

We conclude appellant failed to demonstrate under the first *Strickland* prong that counsel's performance was deficient. *See Williams*, 301 S.W.3d at 687. We overrule his single issue and affirm the trial court's judgment.

MARY MURPHY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

111087F.U05

-4-



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ORVIS WAYNE PORTER, Appellant

No. 05-11-01087-CR        V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court No. 3 of Dallas County, Texas. (Tr.Ct.No. F10-24557-J).
Opinion delivered by Justice Murphy, Justices Francis and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered January 17, 2013.

MARY MURPHY
JUSTICE