# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00797-CR

**Marchelo Lamont Pryce, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 70052, HONORABLE FANCY H. JEZEK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Marchelo Lamont Pryce guilty of unlawful possession of a firearm by a felon. *See* Tex. Penal Code § 46.04(a)(1). The jury assessed punishment at ten years' imprisonment. On appeal, Pryce asserts that he received ineffective assistance of counsel. We affirm the trial court's judgment of conviction.

## BACKGROUND

Officer Micah Goodrich of the Killeen Police Department testified that he executed a traffic stop of an SUV after observing that the vehicle did not have a front license plate and its inspection sticker had been expired for two months. Officer Goodrich stated that he asked the driver, later identified as Pryce, for his driver's license and proof of insurance. According to Officer Goodrich, Pryce reached over the passenger seat as if to retrieve documents from the glove box, at which point Pryce "flicked" a towel on top of the passenger's seat. Pryce then told Officer Goodrich that he

did not have his driver's license with him and did not have insurance, but Pryce did provide his Texas ID card.

Officer Goodrich returned to his patrol car and, using the information on Pryce's ID card, called dispatch to determine whether Pryce had a valid driver's license. According to Officer Goodrich, dispatch informed him that Pryce's driver's license was suspended and that Pryce had two outstanding arrest warrants relating to two misdemeanors. Officer Goodrich requested backup, arrested Pryce based on the outstanding warrants, and placed him in the back seat of a patrol car. In accordance with the Killeen Police Department's policy, Officer Goodrich impounded Pryce's vehicle. Officer Goodrich and another responding officer conducted an on-site inventory of the vehicle. During this inventory, Officer Goodrich moved the towel that was located on the passenger seat and found a loaded handgun.

After Officer Goodrich impounded Pryce's vehicle and began taking inventory, two women arrived at the scene. Pryce told Officer Goodrich that one of the women was his mother and the other was his girlfriend. Neither of these women approached the vehicle, and there is nothing in the record to indicate that either woman offered to take possession of Pryce's vehicle in order to prevent it from being impounded.

Pryce was subsequently indicted for unlawful possession of a firearm by a felon. *See id.* § 46.04(a)(1), (e) (making possession of firearm within five years of convicted felon's release from confinement, community supervision, or parole third-degree felony). At trial, Officer Goodrich testified about the events outlined above. The State also introduced a certified copy of Pryce's previous judgment of conviction for unlawful possession of a firearm and called an expert in

2

fingerprint analysis to confirm that Pryce was the same person who was identified in that judgment. The jury found Pryce guilty of the offense alleged and, following a punishment hearing, assessed punishment at ten years' imprisonment. The trial court entered a judgment of conviction consistent with the jury's verdict. This appeal followed.

## DISCUSSION

In his sole issue on appeal, Pryce asserts that he received ineffective assistance of counsel at trial. Specifically, Pryce argues that his trial counsel was deficient for (1) failing to adequately investigate and interview potential witnesses, (2) failing to file a motion to suppress the gun that was recovered from Pryce's car, and (3) failing to file a written motion for continuance.

To prevail on an ineffective-assistance-of-counsel claim, Pryce must satisfy the two-prong test set out in *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986) (adopting *Strickland* standard for claims of ineffective assistance of counsel). Under *Strickland*, a defendant must show (1) that counsel's performance was deficient and (2) that the defendant was prejudiced by the deficient performance. 466 U.S. at 687. Effectiveness is judged by the "totality of the representation," rather than by an isolated act or omission. *See Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Counsel's performance is deficient when it falls "below an objective standard of reasonableness" based upon "prevailing professional norms." *Strickland*, 466 U.S. at 689; *see also Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010).

Our review of counsel's performance must be highly deferential—we presume that counsel makes all significant decisions in the exercise of reasonable judgment. *Strickland*,

3

466 U.S. at 689. Pryce has the duty to bring forth a record that affirmatively demonstrates the alleged ineffectiveness of his counsel by a preponderance of the evidence. *See Scheanette v. State*, 144 S.W.3d 503, 509–10 (Tex. Crim. App. 2004). Performance of counsel usually cannot be adequately examined based on a trial-court record; this type of record is best developed in a motion for new trial. *See id.* Without a record, finding counsel constitutionally ineffective would require us to assume that there was no sound trial strategy, which we are not permitted to do unless the counsel's decision was "so outrageous that no competent attorney would have engaged in it." *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

Pryce did not file a motion for new trial in this case. Thus, Pryce's trial counsel has not been given an opportunity to explain his performance or his complained-of decisions. *See Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) ("Trial counsel should ordinarily be given an opportunity to explain his acts or omissions before being denounced as ineffective."). Furthermore, Pryce has not produced any affidavits or evidence to demonstrate what information his trial counsel could have introduced that would have affected either his conviction or sentence. Therefore, Pryce must rely solely on the trial record to support his ineffective-assistance-of-counsel claim. *See Scheanette*, 144 S.W.3d at 509–10.

First, Pryce complains that his trial counsel was deficient for failing to adequately investigate Pryce's girlfriend as a potential witness. Pryce's girlfriend testified at the punishment phase of trial, during which she asserted that Pryce was a good and caring man. However, she conceded that both she and Pryce had been convicted of several offenses in the past. Furthermore, Pryce's girlfriend's testimony does not indicate that she could provide any additional information

4

that would have been relevant during the guilt-innocence phase of trial. Based on this record, Pryce's counsel could have reasonably concluded that Pryce's girlfriend was not a credible witness and did not know any relevant information that would have supported additional investigation. Similarly, the record does not affirmatively demonstrate that Pryce was prejudiced by his counsel's failure to interview Pryce's girlfriend more thoroughly before trial.

Pryce also asserts that his counsel was deficient for failing to investigate and subpoena a person named Allen Blevins who, according to Pryce, could have testified that Pryce did not know the gun was in the car. After the State rested and Pryce had testified in his own defense, Pryce's counsel informed the court that Pryce's girlfriend had given him a letter allegedly written by Blevins stating that he placed the gun in the vehicle without Pryce's knowledge. However, Pryce's counsel conceded that when he called a man who identified himself as Blevins, Blevins stated that he was not willing to testify in court and refused to give his address. When Pryce's counsel asked for a continuance to investigate the matter further, the State noted that Blevins also had a recent felony conviction and would need to be represented by counsel before confessing to unlawful possession of a firearm by a felon. The trial court denied Pryce's motion for a continuance and proceeded to closing arguments.

There is nothing in the record to indicate that had Pryce's counsel conducted a more thorough investigation, he could have discovered Blevins's identity or learned of his potentially favorable testimony. Pryce did not mention Blevins in his testimony about the events surrounding Pryce's arrest, nor is there any explanation in the record about who Blevins is or how he could have placed a gun in Pryce's passenger seat without Pryce's knowledge. Furthermore, given Blevins's

reluctance to testify about possession of a firearm—which, according to the State, could have subjected Blevins to criminal prosecution for this same offense—we cannot determine whether Blevins would have provided useful information to Pryce's counsel had counsel contacted him before trial. Based on this limited record, we cannot conclude that Pryce's counsel was deficient for failing to investigate Blevins as a potential witness, nor can we conclude that Pryce was prejudiced by that failure to investigate.

Next, Pryce asserts that his counsel was deficient for failing to file a motion to suppress the gun that formed the basis for his conviction of unlawful possession of a firearm. Specifically, Pryce asserts that Officer Goodrich's decision to impound Pyrce's vehicle was "patently unreasonable" because Pryce's mother and girlfriend arrived at the scene and could have taken possession of the car. *See generally South Dakota v. Opperman*, 428 U.S. 364, 368–69 (1976) (concluding that impounding vehicles after arrest as part of "community caretaking function" and then inventorying contents of impounded vehicle to protect owner's property and ensure no dangerous contents is not unreasonable search). Therefore, according to Pryce, a motion to suppress the gun based on the unreasonable search and seizure would have been granted and there would have been no basis to convict him of unlawful possession of a firearm.

Officer Goodrich testified that neither Pryce, his mother, nor his girlfriend lived at the apartment complex where the arrest occurred and, therefore, Officer Goodrich could not have left the vehicle at the apartment complex because it would have been abandoned and unsecured. Furthermore, there is nothing in the record to indicate that Pryce's mother or girlfriend offered to take possession of the vehicle. Finally, even if Pryce's mother or girlfriend had offered to take

6

possession of the vehicle, they could not have lawfully driven it to another location because its inspection had expired. Therefore, Pryce's counsel could have reasonably believed that a motion to suppress the gun on the theory that the police unreasonably impounded and inventoried Pryce's vehicle would have been denied. *See id.*; *Roberts v. State*, 444 S.W.3d 770, 776–77 (Tex. App.—Fort Worth 2014, pet. filed) (discussing bases for reasonably impounding vehicle). Given that Pryce's counsel could have reasonably believed that a motion to suppress would have been unsuccessful, we cannot conclude that counsel's decision not to file such a motion constituted deficient performance. *See Holland v. State*, 761 S.W.2d 307, 318–19 (Tex. Crim. App. 1988) ("[T]rial counsel is under no obligation to do what would amount to a futile act.").

Finally, Pryce asserts that his counsel was deficient for failing to file a written motion for continuance on the first day of trial. Specifically, Pryce notes that his counsel orally requested a continuance—explaining to the court that on the morning of trial, Pryce provided him with names of witnesses who, if subpoenaed, "potentially could negate the reasonable suspicion for the stop in this case." The trial court denied the oral motion for a continuance. Pryce's counsel indicated that he would be filing a written motion for continuance to preserve the issue for appeal, but no such motion was filed. *See* Tex. Code Crim. Proc. art. 29.03 (requiring party requesting continuance in criminal action to file written motion demonstrating sufficient cause).

A motion for continuance must be in writing in order to preserve a complaint about the trial court's denial of the motion for appellate review. *See Anderson v. State*, 301 S.W.3d 276, 279 (Tex. Crim. App. 2009). However, Pryce's counsel's oral statement about why he was requesting a continuance does not explain what witnesses he could have subpoenaed, what information those

7

witnesses could have provided about Officer Goodrich's reasonable suspicion to perform this traffic stop, or why counsel had good cause for failing to subpoena these witnesses earlier. Furthermore, Pryce did not file a motion for new trial with accompanying affidavits to identify who these potential witnesses were or what they could have testified to.

Based on this record, we cannot conclude that the trial court would have granted a written motion for continuance had one been filed. Similarly, even if Pryce's complaint about the denial of his motion for continuance had been preserved for appellate review, there is nothing in the record to indicate that this Court would have reversed the trial court's decision to deny that motion. *See Gallo v. State*, 239 S.W.3d 757, 764 (Tex. Crim. App. 2007) (noting that appellate court reviews trial court's decision to deny motion for continuance for abuse of discretion). Therefore, Pryce's counsel could have reasonably believed that he could not demonstrate good cause for requesting a continuance, and thus filing a written motion for continuance would have been futile. *See Holland*, 761 S.W.2d at 318–19 (noting trial counsel not deficient for failing to perform futile act). Finally, as outlined above, the record does not identify what additional information Pryce's counsel could have obtained had a continuance been granted, and thus we cannot determine if Pryce was prejudiced by counsel's failure to file a written motion for continuance.

Pryce has failed to bring forth a record that affirmatively demonstrates that his counsel's performance was deficient or that Pryce was prejudiced by that performance. *See Scheanette*, 144 S.W.3d at 509–10 (noting that it is defendant's burden to produce record that supports ineffective-assistance-of-counsel claim). Therefore, we cannot conclude that Pryce received ineffective assistance of counsel. We overrule Pryce's sole issue on appeal.

8

## CONCLUSION

Having overruled Pryce's only appellate issue, we affirm the trial court's judgment of conviction.

_____

Scott K. Field, Justice

Before Chief Justice Jones, Justices Pemberton and Field

Affirmed

Filed:   December 23, 2014

Do Not Publish

9