# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON REMAND

## NO. 03-18-00523-CR
## NO. 03-18-00524-CR

**Bryant Edward Dulin, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 424TH DISTRICT COURT OF BURNET COUNTY
### NO. 46489, THE HONORABLE EVAN C. STUBBS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted Bryant Edward Dulin of one count of indecency with a child, nine counts of aggravated sexual assault of a child, one count of continuous sexual abuse of a child under age 14, and one count of "super" aggravated sexual assault of a child. The jury assessed punishment at 20 years' imprisonment and a $5,000 fine for indecency with a child, 60 years' imprisonment and a $5,000 fine for each count of aggravated sexual assault of a child, 50 years' imprisonment for continuous sexual abuse of a child under age 14, and 35 years' imprisonment and a $5,000 fine for "super" aggravated sexual assault. The trial court sentenced Dulin in accordance with the jury's verdicts, entering conforming judgments. The judgment for indecency with a child assesses court costs of $589, and that for "super" aggravated sexual assault of a child assesses court costs of $639.

In two appellate issues, Dulin contends that (1) the time payment fees assessed against him must be reduced because a portion of each fee is unconstitutional and (2) duplicative court costs must be deleted.[1] We modify the judgments to "str[ike] in their entirety," *see Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021), the time payment fees and to delete duplicative court costs and affirm the judgments as modified.

## BACKGROUND

In our August 14, 2019 opinion and judgments in this appeal, we sustained Dulin's first appellate issue and reduced his time payment fees by 90% under his constitutional challenge to the statute imposing the time payment fee.[2] In so doing, we "decline[d] to follow the State's recommendation of striking the time payment fee from the judgments" in their entirety though the State argued that the fees were "prematurely assessed." *See Dulin v. State*, 583 S.W.3d 351, 352

---

[1] Dulin may challenge the imposition of court costs for the first time on appeal. *See Johnson v. State*, 423 S.W.3d 385, 390–91 (Tex. Crim. App. 2014); *Llorens v. State*, 520 S.W.3d 129, 143 (Tex. App.—Austin 2017, pet. ref'd).

Also, although his appointed appellate counsel filed an appellant's brief on his behalf, Dulin later attempted to file a pro se appellant's brief, in which he prayed that we would "rule on [the pro se brief] in support of Appellant['s] Brief submitted by [Dulin's] court-appointed attorney." We do not consider any of the attempted pro se appellant's brief because Dulin is not entitled to hybrid representation, or to represent himself, on appeal. *See Marshall v. State*, 210 S.W.3d 618, 620 n.1 (Tex. Crim. App. 2006); *Scheanette v. State*, 144 S.W.3d 503, 505 n.2 (Tex. Crim. App. 2004).

[2] That statute was then located at Local Government Code section 133.103 but has since been transferred to Code of Criminal Procedure article 102.030. *See* Act of May 25, 2019, 86th Leg., R.S., ch. 1352, §§ 2.54, 4.40, 2019 Tex. Sess. Law Serv. 3982, 4010-11, 4035 (transferring statutory text, as amended, to new Code of Criminal Procedure article 102.030); Act of June 2, 2003, 78th Leg., R.S., ch. 209, § 62(a)–(b), 2003 Tex. Gen. Laws 979, 996–98 (enacting former Section 133.103, effective January 1, 2004). We apply Former Section 133.103 in this appeal because that was the statute in effect when the trial court imposed the time payment fees about which Dulin and the State complain and the Legislature continued the former section's effectiveness for offenses, like Dulin's, that were committed before January 1, 2020. *See* Act of May 25, 2019, 86th Leg., R.S., ch. 1352, §§ 5.01, 5.04, 2019 Tex. Sess. Law Serv. 3982, 4035-36.

n.2 (Tex. App.—Austin 2019), *vacated*, 620 S.W.3d at 134. The Court of Criminal Appeals granted the State's petition for discretionary review of our decision, including on the ground "that the time payment fee must be struck in its entirety because it was assessed prematurely," and agreed with the State and accordingly vacated our opinion and judgments. *See Dulin*, 620 S.W.3d at 129, 134. Specifically, the Court held that "[t]he pendency of an appeal stops the clock for purposes of the time payment fee" and thus

> the assessment of the time payment fees in [Dulin]'s case is premature, and the fees should be struck in their entirety, without prejudice to them being assessed later if, more than 30 days after the issuance of the appellate mandate, the defendant has failed to completely pay any fine, court costs, or restitution that he owes.

*Id.* at 133.

## TIME PAYMENT FEES

In obedience to the Court of Criminal Appeals' opinion and mandates in *Dulin*, we strike the time payment fees in their entirety from the trial court's judgments that are the subject of Dulin's appeal. The judgment for count I of trial-court cause number 46489 includes time payment fees totaling $25, and those fees are struck. The judgment for count I of trial-court cause number 46491 also includes time payment fees totaling $25, and those fees are struck.

## DUPLICATIVE COURT COSTS

In his second issue, Dulin contends that the trial court should not have assessed the same court costs in both cause numbers because he was convicted for two offenses in a single criminal action. The State concedes that "each authorized court cost should have been assessed against [Dulin] only once." We agree. *See* Tex. Code Crim Proc. art. 102.073(a) ("In a single

criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant.").

Dulin says that "[i]t is a matter of indifference which judgment retains the court costs." The State recommends deleting the duplicative costs from the judgment for count I of cause number 46489 "since that judgment reflects a conviction for the second degree felony offense of indecency with a child, a less serious offense than the offense reflected in the judgment for count I of cause number 46491." Under Code of Criminal Procedure article 102.073(b), "each court cost or fee the amount of which is determined according to the category of offense must be assessed using the highest category of offense that is possible based on the defendant's convictions." Here, both causes have the same category of offense for the purpose of determining fees. Only the $100 Child Abuse Prevention Fee, in cause number 46491, is tied to the category of offense, and the trial court could have assessed it under either cause under Code of Criminal Procedure article 102.0186(a). We thus see no reason not to follow the State's recommendation. Accordingly, we sustain Dulin's second issue and modify the judgment for count I of cause number 46489 to delete the duplicative court costs.

**CONCLUSION**

We modify the judgments for count I of cause number 46489 and count I of cause number 46491 to strike the time payment fees from each. We also modify the judgment for count I of cause number 46489 to delete the duplicative court costs. After deleting the duplicative costs,

4

the judgment for count I of cause number 46489 should retain a warrant fee of $40 and a warrant fee of $10. We affirm the judgments as modified.

_____

Chari L. Kelly, Justice

Before Justices Goodwin, Baker, and Kelly

Modified and, as Modified, Affirmed on Remand

Filed: July 30, 2021

Do Not Publish