# Court of Appeals
## Tenth Appellate District of Texas

10-24-00265-CR

Larry Wayne Simpson,
Appellant

v.

The State of Texas,
Appellee

On appeal from the
52nd District Court of Coryell County, Texas
Judge Trent D. Farrell, presiding
Trial Court Cause No. 23-28317

JUSTICE HARRIS delivered the opinion of the Court.

## MEMORANDUM OPINION

Larry Wayne Simpson was convicted of aggravated assault with a deadly weapon and sentenced to 15 years in prison. In his sole issue on appeal, he asserts his trial attorney rendered ineffective assistance. We affirm the trial court's judgment.

**BACKGROUND**

Simpson and Morgan Burkman were in a relationship and were living together. On the morning of July 30, 2023, a neighbor called 911 because a

man was chasing a woman outside and the woman was screaming "bloody murder." Officers arrived at the house, and one spoke with Simpson while the other spoke with Burkman. Simpson was calm and denied hitting Burkman. Burkman was upset and crying. She had been hit on her leg and side with an aluminum and hard, plastic oar. An oar was located, and it matched the visible red marks on Burkman's leg and side. Simpson was arrested.

At trial, Burkman said she hit Simpson first with a four to six-foot long metal street or stop sign pole across his arm and possibly on his back. She had not told the officers this when she was interviewed at the scene. The officer who interviewed Simpson did not see any indication that Simpson had been struck and did not see a street or stop sign at the scene.

## INEFFECTIVE ASSISTANCE

Claims of ineffective assistance of counsel must be firmly rooted in the record. *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). "Under most circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decision-making as to overcome the strong presumption that counsel's conduct was reasonable and professional." *Scheanette v. State*, 144 S.W.3d 503, 510 (Tex. Crim. App. 2004). Thus, trial counsel should generally be given an opportunity to explain his actions before being found ineffective. *Johnson v. State*, 624 S.W.3d 579, 586 (Tex. Crim. App. 2021); *Rylander v.*

*State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003).

A silent record that provides no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance. *Johnson*, 624 S.W.3d at 586; *Rylander*, 101 S.W.3d at 110-11; *Thompson*, 9 S.W.3d at 814. Thus, if the record does not contain affirmative evidence of trial counsel's reasoning or strategy, we presume counsel's performance was not deficient. *Johnson*, 624 S.W.3d at 586; *Bone v. State*, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002).

**ARGUMENT/APPLICATION**

Simpson claims on appeal that his counsel rendered ineffective assistance because: 1) counsel should have requested a self-defense instruction, 2) no reasonable attorney would fail to ask for one, and 3) without the instruction, Simpson's conviction was a foregone conclusion. However, self-defense is a "confession and avoidance" or "justification" defense, requiring that the defendant admit to the otherwise illegal conduct before he may assert the defense. *Shaw v. State*, 243 S.W.3d 647, 659 (Tex. Crim. App. 2007); *Fury v. State*, 607 S.W.3d 866, 876 (Tex. App.—Houston [14th Dist.] 2020, pet. ref'd). When officers interviewed Simpson at the scene, he denied striking Burkman. Although defensive issues may be raised by the testimony of any witness, such as Burkman's trial testimony that she struck him first, *see Gaspar v. State*, 327 S.W.3d 349, 356 (Tex. App.—Texarkana 2010, no pet.), Simpson had also

specifically denied at the scene that she had hit him. And when he learned he would be arrested for hitting Burkman, rather than saying she hit him first, he told the police that she was trespassing on his property and he wanted to press charges against her.

## CONCLUSION

With this type of evidence before the jury, it was reasonable for counsel to decide that a self-defense instruction was not beneficial. But because trial counsel was not given an opportunity to explain his actions, the strong presumption of reasonable assistance is not overcome, and we presume counsel's performance was not deficient.

Accordingly, we overrule Simpson's sole issue and affirm the trial court's judgment.

_____

LEE HARRIS
Justice

OPINION DELIVERED and FILED:  October 23, 2025

Before Chief Justice Johnson,
      Justice Smith, and
      Justice Harris
Affirmed
Do Not Publish
CR25

