# Court of Appeals
## Tenth Appellate District of Texas

10-24-00364-CR

Geoffrey Powers,
Appellant

v.

The State of Texas,
Appellee

On appeal from the
87th District Court of Freestone County, Texas
Judge Amy Thomas Ward, presiding
Trial Court Cause No. 22-175CR

JUSTICE HARRIS delivered the opinion of the Court.

## MEMORANDUM OPINION

Geoffrey Powers was convicted of indecency with a child and sentenced to 8 years in prison. In his sole issue on appeal, he asserts his trial counsel rendered ineffective assistance. We affirm the trial court's judgment.

After her parents noticed behavioral and emotional changes in her, J.N.C. disclosed that Powers had inappropriately touched her. At trial, after the State concluded its voir dire, the State asked the jury panel if anyone had

a question. One panel member asked the age of the victim. The State responded that the victim was 9 years old or "between nine and ten-ish" at the time of the offense. During his voir dire, defense counsel asked the same panel member if the panel member was shaking his head after hearing the victim's age. The panel member denied shaking his head and confirmed that he would be fair and impartial knowing the victim's age. The panel member was ultimately peremptorily struck by defense counsel and did not serve on the jury. No other panel members were asked about or commented on their feelings regarding the victim's age.

In his sole issue, Powers claims that his counsel rendered ineffective assistance because he failed to object to the State's response regarding the age of the victim. Claims of ineffective assistance of counsel must be firmly rooted in the record. *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). "Under most circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decision-making as to overcome the strong presumption that counsel's conduct was reasonable and professional." *Scheanette v. State*, 144 S.W.3d 503, 510 (Tex. Crim. App. 2004). Thus, trial counsel should generally be given an opportunity to explain his actions before being found ineffective. *Johnson v. State*, 624 S.W.3d 579, 586 (Tex. Crim. App. 2021); *Rylander v.*

*State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003).

"A silent record that provides no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance." *Johnson*, 624 S.W.3d at 586; *Rylander*, 101 S.W.3d at 110-11; *Thompson*, 9 S.W.3d at 814. "Thus, if the record does not contain affirmative evidence of trial counsel's reasoning or strategy, we presume counsel's performance was not deficient." *Johnson*, 624 S.W.3d at 586; *see Bone v. State*, 77 S.W.3d 828 (Tex. Crim. App. 2002).

Although Powers filed a motion for new trial alleging ineffective assistance of counsel and a hearing was held on that motion, his trial counsel did not testify, and no affidavit from trial counsel was admitted into evidence. Thus, the record is silent as to why trial counsel did not object to the State's response.

Accordingly, we presume counsel's performance was not deficient, and Powers' sole issue is overruled.

We affirm the trial court's judgment.

LEE HARRIS
Justice

OPINION DELIVERED and FILED:  November 20, 2025

Before Chief Justice Johnson,
        Justice Smith, and
        Justice Harris
Affirmed
Do Not Publish
CR25

