# Court of Appeals
## Tenth Appellate District of Texas

---

### 10-25-00013-CR

---

Kenneth James Cooper,
Appellant

v.

The State of Texas,
Appellee

---

On appeal from the
440th District Court of Coryell County, Texas
Judge Grant Kinsey, presiding
Trial Court Cause No. 21-27032

---

JUSTICE HARRIS delivered the opinion of the Court.

### MEMORANDUM OPINION

A jury found Kenneth James Cooper guilty of Sexual Assault of a Child. The victim was his daughter. The trial court assessed punishment and sentenced Cooper to 30 years in prison. We affirm the trial court's judgment.

### INEFFECTIVE ASSISTANCE OF COUNSEL

In his sole issue on appeal, Cooper contends his trial counsel's failure to object to numerous extraneous offenses or request limiting instructions for

those offenses constituted ineffective assistance of counsel.  As a result, he further contends, his conviction should be reversed and the case remanded to the trial court for a new trial.

To prevail on a claim of ineffective assistance of counsel, an appellant must show both deficient performance and prejudice.  *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009).  The appellant bears the burden of proving by a preponderance of the evidence that counsel was ineffective, and an allegation of ineffectiveness must be firmly founded in the record.  *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).  The failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other prong.  *Williams*, 301 S.W.3d at 687.

"Under most circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decision-making as to overcome the strong presumption that counsel's conduct was reasonable and professional."  *Scheanette v. State*, 144 S.W.3d 503, 510 (Tex. Crim. App. 2004).  Thus, trial counsel should generally be given an opportunity to explain his actions before being found ineffective.  *Johnson v. State*, 624 S.W.3d 579, 586 (Tex. Crim. App. 2021); *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003).

A silent record that provides no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance. *Johnson*, 624 S.W.3d at 586; *Rylander*, 101 S.W.3d at 110-11; *Thompson*, 9 S.W.3d at 814. Thus, if the record does not contain affirmative evidence of trial counsel's reasoning or strategy, we presume counsel's performance was not deficient. *Johnson*, 624 S.W.3d at 586; *Bone v. State*, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002).

Here, the record is silent as to why trial counsel did not object to the introduction into evidence of any of the alleged extraneous offenses or at least request limiting instructions for those offenses. Thus, we presume counsel's performance was not deficient.

However, even if, as Cooper argues, counsel's conduct was so outrageous that no competent attorney would have engaged in it, thus warranting reversal without affording counsel an opportunity to explain his actions, *see Roberts v. State*, 220 S.W.3d 521, 533-34 (Tex. Crim. App. 2007); *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005), Cooper must still prove he was prejudiced by counsel's deficient performance.

To succeed under the prejudice prong, Cooper "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466

U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Perez v. State*, 310 S.W.3d 890, 894 (Tex. Crim. App. 2010). A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.* Further, if the deficient performance pertained to a guilty verdict, as it did here, then prejudice would depend on "a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Strickland*, 466 U.S. at 695; *Swinney v. State*, 663 S.W.3d 87, 90 (Tex. Crim. App. 2022).

Cooper spends much of his argument under this prong proclaiming he was prejudiced. However, he never argued or showed that, had trial counsel objected or requested limiting instructions or both, the jury would have had a reasonable doubt as to his guilt. Accordingly, Cooper failed to prove he was prejudiced by counsel's deficient performance prejudice.

## CONCLUSION

Cooper did not satisfy his burden to prove the ineffectiveness of his counsel, and his sole issue on appeal is overruled.

_____
LEE HARRIS
Justice

OPINION DELIVERED and FILED:  May 21, 2026

Before Chief Justice Johnson,
      Justice Smith, and
      Justice Harris
Affirmed
Do Not Publish
CRPM

